### CITY OF GOLDSBORO *v.* MOFFETT *et al.*

*(Circuit Court, E. D. North Carolina. January 13, 1892.)*

1. MUNICIPAL CORPORATIONS—CONTRACT—ORDINANCES.
   A city passed an ordinance authorizing a certain firm to construct water-works for it upon terms fully set out. This was accepted by the firm, and a memorandum of the acceptance was attached to a copy of the ordinance, and signed in behalf of the city by the mayor and clerk thereof, under its corporate seal, and by the firm and each member thereof under their individual seals. *Held,* that this constituted a binding contract.

2. BONDS—CONSTRUCTION—BREACH.
   The firm gave a bond which, after reciting that the same was required of them by the city "for the faithful performance of their contract," expressed the condition to be that they should faithfully perform their contract "during the construction of said works." *Held,* that the latter words did not restrict the scope of the bond to the period of actual construction, but, on the contrary, a failure to begin the work at all constituted a breach.

3. SAME—MEASURE OF DAMAGES.
   The amount of damages was at least equal to the difference between the contract price and the compensation provided for in a new contract made in pursuance of a bid, secured by a subsequent advertisement of the same work.

At Law. Action by the city of Goldsboro against John F. Moffett, Henry C. Hodgkins, and John V. Clarke as principals, and Daniel G. Griffin as surety, upon a bond to secure the performance of a contract to build water-works. Jury waived and trial to the court. Judgment for plaintiff.

*Reade, Busbee & Busbee,* for plaintiff.

*Theo. F. Klutz,* for defendants.

SEYMOUR, District Judge. The city of Goldsboro, by its board of aldermen, in the spring of 1887, enacted a city ordinance authorizing the firm of Moffett, Hodgkins & Clarke to construct, maintain, and operate water-works in Goldsboro, upon terms fully set forth in the ordinance. The ordinance was accepted by the firm of Moffett, Hodgkins & Clarke, which consists of the defendants John F. Moffett, Henry C. Hodgkins, and John V. Clarke, and an instrument embodying a memorandum of its acceptance was on the 5th of April, 1887, annexed to a copy of the ordinance, and signed in behalf of the city by its mayor and clerk, under its corporate seal, and by the firm and each member thereof under their individual seals. Under these circumstances the court is at a loss to conceive upon what ground the position of defendants' counsel, that the city ordinance did not constitute a contract, rests. If

either the city of Goldsboro or defendants' firm are capable of entering into a contract, they have done so by the ordinance and its formal acceptance.

By their contract the firm of Moffett, Hodgkins & Clarke undertook to complete the said works to successful operation on or before October 1, 1887. This they have failed to do. On the contrary, they have entirely neglected and abandoned their contract, and the city, after waiting a reasonable time, has made a contract for the same works with another firm. That contract, as well as the one with defendants' firm, has been admitted and made a part of this case. The building of water-works being within the authority vested in the city government by its charter, and the contract having been duly executed, and having been violated by defendants' firm, the city is entitled to recover from said firm whatever damages it has sustained by the default. To secure performance of the contract, the defendants Moffett, Hodgkins & Clarke entered into a bond in the sum of $5,000, which was on the 7th of June, 1887, duly executed by themselves as principals, and by the defendant Daniel G. Griffin as surety. The condition of the bond is in these words:

"Whereas, the city of Goldsboro did on the 29th day of March, 1887, adopt. an ordinance authorizing and empowering Moffett, Hodgkins & Clarke to construct, maintain, and operate water-works to supply the city of Goldsboro, N. C., with water; and whereas, the said ordinance was duly accepted by said Moffett, Hodgkins & Clarke; and whereas, it was further required by the said city that the said Moffett, Hodgkins & Clarke give a bond in the sum of five thousand dollars for the faithful performance of their contract: Now, if the said Moffett, Hodgkins & Clarke, or their assigns, do faithfully perform the terms of their contract during the construction of said works, then this obligation to be void; otherwise," etc.

A jury having been waived, and hearing had, and the court having found the facts to be as hereinabove stated, the only question remaining, besides the amount of plaintiff's damages, is whether there has been a breach of the condition of the bond. That is purely a question of construction.

Defendants' contention is that the bond is conditioned only for faithful performance of the terms of the contract during the construction of the water-works, and that, their construction never having been begun by Moffett, Hodgkins & Clarke, there can have been no breach. Plaintiff's contention is that the failure to construct is itself within the intent and terms of the bond. Whatever may be the technical rules that sometimes embarrass endeavors to interpret wills, or even statutes, there is no difficulty in regard to the principle by which every contract should be construed, which is intention, and but one limitation, which is the words used by the parties. Unlike cases in which the meaning of wills is involved, the words of contracts admit of technical construction only when technical significations are intended by the parties. It is said in this case that both as a bond, and, as far as one defendant is concerned, as the contract of a surety, the paper in suit should be strictly construed. There are certain minor propositions laid down in the books. Among them is one that guaranties and other agreements, such as is the

one by the defendant in this action who is a surety to answer for another's obligation, should be strictly construed. On the other hand, is the rule that the words of instruments should be taken most strongly against their makers. Propositions of this description are more properly guides in reaching intent than rules of construction. They are never resorted to excepting by way of illustrations, or, as Justice RED-FIELD styles them, "makeweights," if the intention of the parties can be ascertained from the words adopted by them, viewed in the light of the whole agreement and its known circumstances.

In the present case the intent is evident, and is to be found in the recitals in the condition of the bond, one of which is that the defendants have been required to give a bond for the faithful performance of their contract. The words following this recital are: "Now, if the said Moffett, Hodgkins & Clarke do faithfully perform the terms of their contract *during the construction of said works*," etc. If the words italicized should be construed to modify the obligation recited, which includes the performance of the contract, so as to limit it to faithful performance, provided the contractors should see fit to begin the work of construction, they would be made to contradict the expressed intention of the signers of the bond, and would make that instrument as to one of the purposes, if not the main purpose for which it was given, entirely nugatory. The city needed no security for the performance of the contract, in case the firm went on and supplied the works, other than the works themselves and the rental it had agreed to pay. What they demanded a bond as security against was precisely the contingency that has happened. They had rejected other bids at nearly the same rates as those offered by Moffett, Hodgkins & Clarke, and were relying upon them to supply them with water-works. It was against a failure to perform the work, damages to result from delay, and the possible increased cost of a new contract, that they demanded and obtained the security of a bond. If the words, "during the construction," etc., contradict and render impossible of attainment this purpose, they may by an equitable construction, allowable even in a court of law, be rejected, *ut res magis valeat quam pereat.*

A strict technical construction of the bond leads to a like result. Obligors by their bond undertake to pay obligee $5,000, the obligation to be void upon their doing a thing specified in the bond. That thing is that M., H. & C. shall perform the terms of their contract during the construction by them of the water-works. If this had been done, the bond would have been discharged. It has not been done. The act agreed upon is impossible, in view of the fact that M., H. & C. have not constructed the works, and now cannot do so. Had the condition been impossible when the bond was executed, the liability would have been absolute, for it would have been the obligors' own folly to undertake an impossible condition. Had it subsequently become impossible by the act of God, the act of the law, or the act of the obligee, then the penalty would have been saved, for no prudence of the obligors could have guarded against such a contingency. 2 Bl. Comm. 341. But,

having become impossible by the act of the obligors, the bond has become single and unconditional, and plaintiff may recover the damages actually due them upon it.

The remaining question is one of damages. After failure to obtain construction of the works by defendants' firm, the city again advertised for bids for precisely the same work, received an offer from another firm at a larger price than that which they had agreed to pay Moffett, Hodgkins & Clarke, and, having accepted the offer, entered into a new contract with such firm. Plaintiff asks to be allowed as damages the difference in cost to it between the two contracts. This, at least, it is entitled to. The difference, being mere matter of computation, will be referred to a master, his report to be subject to exceptions, etc. Let such an order be entered.