# DONALDSON ET AL. *v*. THE STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF RIPLEY.

[No. 6,670.   Filed December 17, 1909.   Rehearing denied May 11, 1910.   Transfer denied June 29, 1910.]

1. HIGHWAYS.—*Gravel Roads.—Construction.—Contracts.—Breach. —Complaint.*—A complaint by the board of commissioners alleging that pursuant to an election properly held the defendant contracted with such board for the construction of certain gravel roads, that he executed a bond, his codefendants being the sureties thereon, that he partly constructed such roads and then abandoned the contract, states a cause of action.   p. 276.

2. HIGHWAYS.—*Gravel Roads.—Construction.—Contracts.—Abandonment.—Defenses.—Complaint.*—A complaint in an action against a gravel road contractor for the abandonment of his contract, need not allege that substantial damages have been sustained, nominal damages being sufficient; nor is it necessary to allege wrongful abandonment of the contract, justification for abandonment constituting a defense.   p. 277.

3. HIGHWAYS.—*Gravel Roads.—Construction.—Contracts.—Complaint.*—In a complaint for the breach of a gravel road construction contract, it is not necessary to set out in the complaint all of the steps leading up to the making of the order, jurisdiction of the board being presumed from the order made.   p. 277.

4. HIGHWAYS.—*Gravel Roads.—Construction.—Contracts.—Abandonment.—Justification.*—The failure of the board of commissioners, the engineer, or the superintendent to perform its or his duty in reference to the construction of a free gravel road, does not justify the contractor in abandoning his contract.   p. 277.

5. HIGHWAYS.—*Gravel Roads.—Construction.—Boards of Commissioners.—Representatives of State.—Action.*—The board of commissioners in the construction of a free gravel road represents the State, and is not liable to be sued in a civil action.    p. 278.

6. HIGHWAYS.— *Gravel Roads.— Boards of Commissioners.— Duties.—Mandamus.*—After entering into a contract for the construction of a free gravel road, a board of commissioners should issue bonds to pay therefor, and should order payments out of such funds as the estimates require, the performance of which may be required by mandamus.    p. 278.

7. HIGHWAYS.—*Gravel Roads.—Acceptance.—Appeal.—Boards of Commissioners.*—The order of the board of commissioners refusing to accept a free gravel road is a judicial act which may be appealed from to the circuit court.    p. 278.

8. HIGHWAYS.—*Gravel Roads.—Engineers.—Superintendents.—Liability.*—Engineers and superintendents for the construction of free gravel roads are alone liable for misfeasance or nonfeasance; and they have no power to authorize a change in the contract for road construction.    p. 278.

9. HIGHWAYS. — *Gravel Roads. — Engineers. — Superintendents. — Mandamus.*—Engineers and superintendents of the construction of free gravel roads may be mandated to perform their duties.    p. 279.

10. HIGHWAYS.—*Gravel Roads.—Failure of Contractor.—Reletting.—Statutes.—Implications.*—The power of the board of commissioners, upon the failure of a free gravel road contractor to perform his contract, to relet the contract for such construction, is necessarily implied from the duty to construct such road.    p. 280.

11. HIGHWAYS.—*Gravel Roads.—Reletting Contracts for Construction of.—Assessment of Expenses.*—Where a contract for the construction of a free gravel road is relet, a new assessment of expenses is not required.    p. 281.

12. HIGHWAYS.—*Gravel Roads.—Reletting Contracts for Construction of.—Assessments.*—In reletting a contract for the construction of a free gravel road, the board should proceed as though no contract had been let; and the fact that the first contractor has received part pay for work performed does not affect the second contract.    p. 281.

13. HIGHWAYS.—*Gravel Roads.—Construction.—Compensation.—Reletting Contracts.—Bonds.—Estoppel.*—Where a contractor fails to construct a free gravel road and the contract has to be relet, the unused money should be appropriated to the payment of the second contract, and the deficiency, if any, should ultimately be supplied by the first contractor's bond, such first sureties being estopped to assert that the use of funds on the first contract invalidates the second.    p. 281.

14. HIGHWAYS.—*Gravel Roads.— Reletting Contract.— Bonds.— Damages.—Evidence.*—Where a contract for the construction of a free gravel road is broken and the contract has to be relet, the measure of damages of the first sureties is the difference between the first contract price, and the reasonable cost of the completion thereof plus the amount, if any, paid on the first contract; and the second contract is admissible in evidence as tending to show the reasonable cost of completion. pp. 282, 284.

15. APPEAL.—*Harmless Error.—Instruction.*—The giving of an erroneous instruction as to the damages recoverable is harmless, where the amount of recovery was too small. p. 284.

16. HIGHWAYS.—*Gravel Roads.—Construction.—Contracts.—Bonds. —Liability for Attorneys' Fees.*—The sureties on a bond given by a contractor for the construction of a free gravel road are not liable for attorneys' fees expended in prosecuting an action on such bond. p. 284.

From Jennings Circuit Court; *Perry E. Bear,* Special Judge.

Action by The State of Indiana, on the relation of the Board of Commissioners of the County of Ripley, against Abraham L. Donaldson and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Joseph E. Henley* and *Harry C. Meloy,* for appellants.

*Thomas C. Batchelor* and *George H. Batchelor,* for appellee.

RABB, J.—This action was brought by appellee, upon a bond given by appellant Donaldson, with his coappellants as sureties thereon, to secure the faithful performance by Donaldson of a contract entered into between Donaldson and the Board of Commissioners of the County of Ripley, for the construction of a number of turnpikes in Shelby township, in said county, under the provisions of the act of 1901 (Acts 1901 p. 449, §6899 *et seq.* Burns 1901), and the act of 1903 (Acts 1903 p. 263), amendatory thereto, relating to the construction or improvement of public highways.

The complaint was in two paragraphs, appellants' demurrer to each being overruled. Appellants' motion to strike out of the complaint certain averments in reference

to attorneys' fees was sustained, and appellee excepted. An answer was filed by appellants, and a cross-complaint in three paragraphs was filed by appellant Donaldson. Appellee's demurrer to the first and second paragraphs was sustained, and overruled as to the third paragraph. Appellant Donaldson's demurrer to the third paragraph of appellee's answer to this third paragraph of his cross-complaint was overruled, and a reply filed thereto.

The issues were submitted to a jury for trial, and a verdict returned in favor of appellee, assessing damages at $4,000. Appellants' motion for a new trial was overruled, and judgment rendered on the verdict.

Appellants' assignment of errors in this court assails the ruling of the trial court on the demurrer to the complaint, on appellee's demurrer to the first and second paragraphs of the cross-complaint, appellants' demurrer to the third paragraph of appellee's answer to the third paragraph of the cross-complaint, and appellants' motion for a new trial.

Appellee assails, by cross-assignment of error, the ruling of the court in striking out parts of its complaint relating to the claim for attorneys' fees, and in overruling its demurrer to the third paragraph of appellant Donaldson's cross-complaint.

Each paragraph of the complaint stated facts showing the making of a contract between the Board of Commissioners of the County of Ripley and appellant Donaldson for the construction of several gravel roads in Shelby township, in said county, pursuant to an election held in said township under the provisions of the act of 1901, *supra,* the due execution of the bond by appellants to appellee to secure the faithful performance of the contract by Donaldson, that after the contract was made and the roads partly constructed the work was abandoned by Donaldson, and that appellee performed the stipulations of the contract on its part.

Appellants have devoted a large part of their argument

in this case to the proposition that neither paragraph of the complaint was sufficient to withstand a demurrer, because of its failure to show, by the facts averred, substantial damages. It is further insisted that the complaint is bad because it failed to aver that appellant Donaldson wrongfully abandoned the contract without completing the work; and that the first paragraph of the complaint is bad because it failed to set out all the steps showing jurisdiction in the board to enter into the contract.

The complaint is sufficient to withstand demurrer, without showing by proper averments that substantial damages had been sustained. If appellee was entitled to re-

2. cover nominal damages, the complaint was sufficient.

It was not necessary that the complaint aver in terms that appellant Donaldson wrongfully abandoned the contract. His contract required him to complete the road, and when he abandoned the work he violated the contract. If the abandonment was justifiable, that was a matter of defense, and the burden was upon him to show it.

The complaint did aver that the board duly ordered the work constructed. We think it was unnecessary to set out in the complaint all the steps leading up to the mak-

3. ing of the order. Jurisdiction will be presumed from the order made. The demurrer to each paragraph of the complaint was correctly overruled.

The cross-complaint proceeds upon the theory that appellant Donaldson had the right to abandon his contract for the construction of the road, because of the failure on

4. the part of the board, the engineer, or the superintendent of the work properly to discharge its or his duty with reference to the construction of the road, and upon such abandonment for such cause, said appellant became entitled to full pay for all work done under the contract, together with damages, out of the fund provided by law for the construction of the road. This is an erroneous view, and the remedy sought by the cross-complaint is not

open to appellants. *Board, etc.,* v. *Branaman* (1907), 169 Ind. 80; *King* v. *Board, etc.* (1904), 34 Ind. App. 231.

The board of commissioners, while empowered by law to let the contract for the building of the road, does not act in a corporate capacity. The members are not the agents of the county, the township or the taxing district, charged with the expense of building the road. It is the "King's Highway" they build, and in making the contract they represent the sovereign power of the State, and are not subject to civil actions in reference thereto.

After the contract has been entered into, the board has no supervision over the performance of the work. The only duties the board is charged with, in reference thereto, relate to providing funds to pay for said road by the proper issue of county bonds, making proper orders for payments, out of the fund thus raised, to the contractor, upon proper estimate for the work as it proceeds, and finally determining whether the road has been completed according to the contract, and, if so, accepting it and ordering payment. The first two of these duties are administrative in character, and for a failure on the part of the board properly to perform them the contractor's remedy is by mandate. *Board, etc.,* v. *Branaman, supra; King* v. *Board, etc., supra.* The last is judicial in its character, and from the decision of the board an appeal to the circuit court is given to the contractor. The commissioners are not responsible for the misfeasance or nonfeasance of the engineer or the superintendent. It is true they are appointed by the board, but their duties are independent, and, like the board of commissioners, they are instruments designed by the law to carry into effect its purpose with reference to the improvement of the State's highways. They have no power or authority to require the contractor to construct the road in any different manner or at any place other than that fixed by the terms of the contract, and the contractor is in possession of the road, with full dominion and control over

it, for the purpose of carrying out the contract. After the work has been performed by the contractor in accord-

9. ance with the terms of his contract, if either the engineer or the superintendent refuses to make the proper report to the board of commissioners, he has a complete remedy, as pointed out in the case of *Board, etc.,* v. *Branaman, supra.* No error intervened in the action of the court in its ruling on the demurrer to the first and second paragraphs of appellant Donaldson's cross-complaint, or the demurrer to appellee's answer to the third paragraph thereof. None of the paragraphs of cross-complaint stated a cause of action against appellee.

Many questions are presented by appellants arising upon the ruling of the court upon appellants' motion for a new trial, but they are all resolved on the determination of the proper measure of damages for the breach of the bond alleged in the complaint. It is shown that after the execution of the contract appellant Donaldson entered upon its execution, and completed part of the road, and, upon estimates made by the engineer, was allowed by the commissioners, and paid out of the fund provided for that purpose, the sum of $8,220.64; that the total estimated cost of the road was $29,585, which was the exact amount of Donaldson's bid; that, after the abandonment of the contract by Donaldson, the board of commissioners proceeded to advertise and relet the contract for the completion of the road, precisely as required by the statute in the letting of the original contract, and that for the completion of said road the contract was let the sum of $23,985, and there is no evidence showing that this contract has been carried out. Evidence was admitted and instructions given to the jury upon the theory that, for a breach of the bond sued on for failure on the part of the principal to complete the road according to contract, the proper measure of damages was the difference between the original contract price plus the amount paid appellant Donaldson for the work done by him thereon

and the contract entered into with the second contractor for its completion.

The admission of this evidence and the giving of these instructions are the basis of appellants' motion for a new trial, and are here urged as grounds for the reversal of the judgment. If this theory was wrong, there is manifest error in the action of the court in admitting the evidence complained of, and in giving the instructions complained of, and the judgment should be reversed. If, on the other hand, this was the correct rule for the measurement of damages for the breach of the bond complained of, there is no reversible error presented by the record. There are no express provisions contained in the statute under which the proceedings to improve the highway in this case were had for reletting contracts for the work in case the original contractor fails to enter upon the performance of the contract or abandons the work before completing it, but this power is necessarily implied. It is essential to enable the board of commissioners to accomplish the purpose intended by the legislature. The purpose of the law was to improve the highway, and the duty is expressly imposed upon the board of commissioners, in a proper case, to effectuate this purpose and carry out the work, and, in case of the abandonment of the original contract, this can be done only by reletting the work, and we do not understand that appellants controvert this proposition. But it is insisted by appellants that the power of the board in letting or reletting the contract for the construction of the work is, by the express terms of the statute, limited to the estimated cost of the road, and any contract entered into by the board for doing the work at a sum greater than the estimated cost is absolutely void, and it is contended that from the facts shown it appears that the second contract was let for more than the estimated cost of the road, and consequently was void, because the sum paid Donaldson for the work done by him

deducted from the estimated cost of the road was less than the price fixed in the last contract, and could furnish no basis for the assessment of damages. Were appellants' premises correct, his reasoning would be unanswerable,. but the difficulty lies in the premises. The second contract was not let for a sum beyond the estimated cost of the road. The estimated cost of the road was $29,585. The second contract was let for $23,985. Appellants insist, however, that before the contract could be relet a new assessment of expense for the completion of the road should have been made. In this, we think appellants are in error. The law neither provides for nor contemplates any second estimate of the cost of the construction of any unfinished part of the road. It is intended by the law that where a contract for the construction of a road under this law is once entered into (it, of course, must be within the estimated cost), this contract will furnish the full measure of the cost of the road to those who are required to pay for it, and the principal object of the bond required of the contractor is to make true this measure of cost; and when the contractor violates his contract and makes it necessary for the board to relet it, its powers in that respect are precisely the same as though no contract had been entered into. It is not in any respect curtailed by the fact that the defaulting contractor has performed part of the work, and received in payment therefor some part of the fund provided for building the road.

It is insisted that the taxpayers of the taxing district, assessed for the construction of the work, cannot be assessed for such purpose beyond the limits of the estimated cost of the road, and that the expense of construction can be paid only from the fund expressly provided for that purpose by the law, and which is ultimately raised by taxation from the given taxing district, and that therefore such contract is necessarily void, because it cannot be exe-

cuted by the board of commissioners, it having no power to raise by taxation any fund beyond the original estimated cost. We think this position is not well taken.

It is true that in the first instance the money derived from the sale of bonds, to be ultimately paid by taxes levied on the given taxing district, as required by the statute, is the only source of revenue from which funds can be derived to pay the expense of constructing roads under this law; but the moment the contractor violates the conditions of his bond, and a liability thereby accrues in favor of the authorities representing the State, another source of revenue arises from which the fund to pay for constructing the road is to be replenished. It was the special purpose of the law in requiring the bond in suit that this fund should be protected from any defaults on the part of the contractor, and neither the contractor nor the sureties on his bond can assert that the second contract is void, because the original contractor, whose default is the occasion of reletting the contract, has received some part of the fund provided for constructing the road.

It is further urged by appellants that, conceding that the board had power to relet the contract for the full estimated cost of the road, it was still essential, before such contract could properly form a basis of damages for breach of the first contract, that it appear that the work had been done under the second contract; that otherwise such contract was wholly incompetent and amounted to no more than a self-serving declaration of appellee of its willingness to pay the second contract price for the work, and we are cited to the following authorities to sustain the position: *Hunt* v. *Oregon Pac. R. Co.* (1888), 36 Fed. 481, 1 L. R. A. 842; *Lamoreaux* v. *Rofel* (1857), 36 N. H. 33; 1 Sutherland, Damages (3d ed.) §§7, 9, 10.

As between private persons with unlimited powers to contract, the rule announced by appellants is undoubtedly correct, and is sustained by the authorities cited and many

others.  But here we are not dealing with private persons with unlimited powers to contract, but with a board, created by a special act of the legislature, and clothed with limited powers, and which can enter into contracts only in a certain prescribed manner.

The board of commissioners could, upon the abandonment by the contractor Donaldson of the contract which the bond secured, relet the contract in but one way, and that was by advertising precisely as the law required, accepting the lowest approved bidder, and taking from him a bond, as required by law, to secure the performance of his contract.  We think the rule invoked by appellant and announced by the cases cited has no application here, and that where, as in this case, a contract, entered into by a contractor with public authorities for the construction of public work, has been violated by a failure on his part to perform his contract, and the condition of a bond, given to secure the performance, thereby violated, and where the authorities have, with all due formality, entered into a valid contract in the only way that it could be done for the completion of the work, the proper measure of damages is the difference between the original contract price and what the public is required to pay under the new contract.

In the very nature of things, this alone can furnish the proper measure of damages.  The board of commissioners has no power to perform the work itself or to hire others to do it, in an ordinary way.  It must proceed in strict accordance with the law clothing it with power to act, and when it has done this, and has let the contract, then if the second contractor fails to carry out his contract he becomes liable for any damages the board may sustain on account of such failure, but so far as the liability of the original contractor is concerned it is fixed when the contract is relet, and could not be increased by any default on the part of such contractor, whereby the work would have to be relet at a higher

price, nor can it be diminished by proof that the work could have been done for less. *City of Goldsboro* v. *Moffet* (1892), 49 Fed. 213.

This being the proper rule for the measurement of damages, we think no error intervened in overruling appellants' motion for a new trial.

Complaint is made of an instruction given by the court to the jury, that appellee was entitled to recover as liquidated damages $5 a day for every day of delay in the completion of the road. If there was error in giving this instruction, the verdict returned by the jury shows that it was harmless; as, under the rule we have announced as the proper one to govern the estimate of damages, appellee was entitled to recover more than $5,000, whereas the jury allowed only $4,000.

Appellee, upon its assignment of cross-errors, insists that it is entitled to recover attorneys' fees in this case, under and by virtue of the provisions of the statute that govern the liability of the sureties upon bonds given in contracts to build gravel roads under the assessment law. This law cannot govern and fix the liability of a surety upon the bond given in this case, and the court committed no error in sustaining appellants' motion to strike out these averments in the complaint.

We have examined carefully all the questions arising upon the instructions given and those refused, and upon the admission and rejection of evidence, and we find no reversible error in the record.

Judgment affirmed.

## ON PETITION FOR REHEARING.

ROBY, J.—The petition for rehearing is supported by argument based upon the hypothesis that the measure of damages stated to the jury by the instruction was the difference between the original contract price minus the amount paid Donaldson, and the amount

stipulated in the contract for the completion of the work made after its abandonment by him. It is insisted that the second contract was invalid, and therefore not properly referred to for such purpose.

By the fourth instruction given at the appellees' request the jury was directed that, to ascertain the amount of recovery, it should add the amount paid Donaldson and the amount necessary to complete the road, and from the sum thereof subtract the original contract price. The first instruction given by the court of its own motion is to the same effect. These instructions do not declare the amount of the second contract to be the reasonable cost of completion, and the twenty-first instruction asked by appellant emphasized the fact that the second contract was in evidence only for the purpose of throwing light upon the reasonable cost of completing the road. These instructions taken together made the question of damages depend, not on the amount of the second contract, but upon the reasonable cost of completing the work. They were and are unexceptionable from appellant's standpoint. The amount of recovery shows that the jury did not use the amount of the second contract as a basis for its estimate, the amount of recovery being $1,395.64 less than it would have been had such method been followed.

The opinion heretofore filed is modified to conform with the foregoing, and the petition is overruled.