JACKSON ET AL. v. STATE, EX REL. BOARD OF COM-
MISSIONERS OF HUNTINGTON COUNTY.

[No. 24,038.     Filed January 11, 1924.]

1. PLEADING.— *Demurrer Sustained.— Filing Additional Para-
graph Substantially Same as Original.*—Where a demurrer was
sustained to a paragraph of a pleading, and an additional
paragraph was filed substantially the same as the original, it
will be deemed to be an amendment of the original paragraph,
although numbered differently, and the original thereby ceased
to be a part of the record on appeal, nothing being shown to
the contrary.  p. 132.

2. APPEAL.— *Briefs.— Points and Authorities.— Waiver.*— All
assignments of error that are not supported by points and
authorities in appellant's brief are waived.  p. 133.

3. APPEAL.—*Special Finding.—Construction.*—Where no answer
was filed excepting an affirmative plea setting up certain al-
leged facts which the court expressly found did not exist, a
special finding in favor of the plaintiff should be liberally con-
strued.  p. 134.

4. TRIAL.—*Special Finding.—Definiteness.—Sufficiency.*—A spe-
cial finding that the contract for the construction of certain
public work was "awarded to" a bidder for the same consti-
tutes a sufficiently definite finding, meaning that the contract
was entered into with all required legal formalities.  p. 134.

5. APPEAL.— *Review.— Presumption as to Correctness of De-
cision.*—Except so far as the record affirmatively shows that
error was committed by the trial court, it will be presumed
that all rulings of such court were correct.  p. 134.

6. HIGHWAYS.—*Construction.—Refusal to Perform Contract.—
Measure of Damages.*—Where the contractor for the construc-
tion of a public highway has refused to complete the work
and the board of commissioners has relet the contract, as pro-
vided by statute, the measure of damages for the breach of
the contract by the contractor is the actual cost of completing
the work, in the absence of any showing that the advertise-
ment and letting of the new contract were not fairly and
honestly done, as the inference that the price at which the
new contract was let was the reasonable cost necessarily fol-
lows.  p. 135.

7. HIGHWAYS.—*Construction.—Refusal to Perform Contract.—
Action on Contractor's Bond.*—Where a contractor for the con-
struction of a public highway has refused to complete the
work, and the board of commissioners has entered into a new
contract for the completion of the work, in accordance with

the statute, it is not necessary, in an action on the original contractor's bond, to show that the road had been completed and the amount for which the work was relet actually paid. p. 136.

8. APPEAL.—Review.—Technical Errors.—Right Result Reached. —Where the record shows that the parties were given full opportunity to present their case and that a right result was reached, the judgment will not be reversed because of technical irregularities of procedure.    p. 136.

From Allen Superior Court; Carl Yapel, Special Judge.

Action by the State on the relation of the Board of Commissioners of Huntington county against Amos L. Jackson and others. From a judgment for plaintiff, the defendants appeal. Affirmed.

W. H. Eichhorn and John H. Edris, for appellants.

E. K. Lucas, H. B. Spencer and Claude Cline, for appellee.

EWBANK, C. J.—This was an action on the bond of a firm of contractors to recover damages because of their failure to complete a free gravel road in Huntington county that was ordered constructed under the "three mile act", as then in force (§7719 Burns 1908, Acts 1907 p. 68, §1). The greater part of the length to be improved was north of the Salamonie River, and was comparatively level, while the short distance south of the river was laid out to pass through a hill in a deep cut, that would require five times as much excavation as the longer distance at the north end. All of the highway, after being properly graded, was to be metaled with gravel to a depth as stated. That part north of the river was completed according to contract, and the contractors had received more than half of the agreed price, when they quit work, in July, 1913, stating that they could not finish until a proposed bridge across the Salamonie River should be completed.

The bridge was put in during the spring and summer of the next year, and after the contractors had been notified repeatedly to complete the work under their contract, and after the bridge had stood for twenty months, and after the contractors had notified the board of commissioners that they would not complete the road, suit was brought on their bond.

Of the six defendants, the record does not disclose that any but the two contractors, who were the principals in the bond, filed answers to the complaint. What purports by its recitals to be an answer of denial by "the defendants and each of them" is set out on page forty-two of the transcript, but the order-book entry which precedes it and under which it purports to be incorporated in the transcript states only that "the defendants Jackson and Gordon now file a *reply* of general denial *to the answer* in two paragraphs *to cross-complaint* of said defendants Jackson and Gordon herein in these words": This entry follows other entries showing that an answer and cross-complaint had been filed by Jackson and Gordon, and that a reply to the answer and an answer to the cross-complaint had been filed by the plaintiff. Recitals in a pleading filed by two defendants as a *reply to the answer to their cross-complaint,* after the issue on their answer to the complaint had been closed by a reply thereto, could not give effect to such pleading as an *answer to the complaint on behalf of all* six of the defendants. Appellants seem to rely on a docket entry, copied on page twenty-six of the transcript, stating that "the defendants Amos L. Jackson and James O. Gordon now file second paragraph of answer herein in these words. Not on file in this office, Kent Sweet, Clerk", and on the fact that the pleading set out sixteen pages later, under the record entry stating that Jackson and Gordon filed a reply, as stated above, purports also to

contain a "second paragraph of answer to the complaint" by said Jackson and Gordon. But the transcript discloses that a demurrer to the second paragraph of answer thus shown to have been filed was sustained, and that the defendants Jackson and Gordon immediately filed a "third paragraph of answer", on which issue was joined. We must presume in favor of the action of the clerk in omitting such second paragraph from the transcript at the place where it is shown to have been filed that the "third paragraph" so filed was a mere amendment of the second paragraph, and that the second paragraph thereby ceased to be a necessary part of the record on appeal, nothing being shown to the contrary. *Aetna Ins. Co.* v. *Indiana Nat. Life Ins. Co.* (1921), 191 Ind. 554, 133 N. E. 4, 22 A. L. R. 402; §691 Burns 1914, §650 R. S. 1881.

The only pleadings presented for our consideration are the three paragraphs of the complaint, the third paragraph of affirmative answer by the contractors, who are the principals in the bond sued on, the reply thereto of denial and estoppel, and the cross-complaint, answer and reply.

On proper request by the defendants (appellants), the trial court made a special finding of facts, on which it stated conclusions of law to the effect: (1) that the law was with the relator; and (2) that the relator was entitled to recover damages in the sum of $7,401, as being the difference between the price at which the work of completing the road had been relet, and $5,099, the balance remaining unpaid of the original contract price; and each defendant excepted separately to each of the conclusions of law. Appellants have waived all assignments of error except the assignment that the trial court erred in each of its conclusions of law, to which, alone, the points and authorities and arguments in their brief are addressed.

There being no answer except an affirmative plea setting up certain alleged facts which the court expressly found did not exist, the recital in the special finding of facts alleged in the complaint which were not formally put in issue by a denial should be liberally construed. In addition to the facts we have recited above in stating the nature of the action, the special finding set out the contract and bond sued on, and found that no work had been done by the contractors for three and a half years before this action was commenced; that almost three years after they quit work, being more than two years after the time fixed by the contract for the completion of the work and twenty months after the bridge across the Salamonie River was completed and six months after the contractors had notified the board of commissioners in writing that they would refuse to complete the work in accordance with their contract, and after the bondsmen (other defendants) had also refused to complete the work, upon being notified to do so, said board entered an order reciting these facts, declaring a determination that the work should be completed according to the original plans and specifications, ordering notice of the reletting of the contract to be given, and directing that suit be commenced on the contractor's bond; that after due advertising and the receipt of bids, of which the lowest was for $12,500, such lowest bid was accepted, and a contract for the completion of the work in accordance with the original plans and specifications was "awarded to" such lowest bidder for the sum of $12,500. Appellants insist that this fell short of a finding that a contract with such bidder for the completion of the work for that price was entered into, by which the bidder became obligated to complete it for $12,500. In this we think appellants are mistaken. If the finding that a contract "was awarded" be at all indefinite, in

Jackson *v*. State, ex rel.—194 Ind. 130.

view of the fact that there was no denial of the allegations of the complaint, we must presume in favor of the action of the trial court that the language was used in the broadest sense of which it is capable, if necessary to uphold such action. Except so far as the record is made affirmatively to show that error was committed, we must presume that all rulings of the trial court were correct. And, under the issues as above set out, we think that the statement in the finding that the new "contract was awarded" must be understood to mean that it was entered into with all required legal formalities, since the acts to be done in reletting an abandoned contract are specifically prescribed by statute, and the court proceeded on the assumption that all such acts were properly done in stating its conclusions of law and entering judgment.

But appellants insist that the measure of damages was the reasonable cost of completing the work, and not necessarily the actual cost of doing so. However, 6. if the board of commissioners, after the contractors had abandoned the work and refused to complete it, relet the work to the lowest bidder after due advertisement, and entered into a contract with him at a price fixed by such bid, and took a bond from him to secure the performance of his contract, in conformity with the provisions of the statute in such cases, an inference that the price at which it was so let was the reasonable cost would necessarily follow, in the absence of any showing that the advertisement and letting of the new contract was not fairly and honestly done. Being limited by statute to the single method of advertising and reletting the contract, the result of such reletting is necessarily conclusive as to the reasonable cost of getting the work completed by that method, unless impeached for fraud or illegality. *Donaldson* v.

*State, ex rel.* (1909), 46 Ind. App. 273, 283, 90 N. E. 132, 91 N. E. 748.

Neither was it necessary to show that the work actually had been completed, and the price at which it was relet actually paid, in order to make out a cause of action for the recovery of the damages claimed. *Donaldson* v. *State, ex rel., supra.*

The facts found show clearly that appellants bound themselves to complete the work for $11,999; that they received all of that price but $5,099; that the lowest bid for completing it was $12,500; and that a contract to complete it was let at that price, in full compliance with the statute. These facts, with the conclusion which follows, clearly established relator's right to recover the sum of $7,401, for which the judgment was rendered in its favor. Where it is obvious on the face of the record that the parties were given a full opportunity to present the case and that a right result was reached, the judgment will not be reversed because of technical irregularities of procedure.

The judgment is affirmed.