Hill v. State—169 Ind. 561.

# HILL v. THE STATE.

[No. 21,075. Filed January 8, 1908.]

1. NEW TRIAL.—*Misconduct of Counsel.*—Mere misconduct of counsel in the argument to the jury does not constitute a ground for a new trial in a criminal case, an "error of law," for which a new trial may be granted, necessarily implying some ruling of the court. p. 562.

2. SAME.—*Grounds for.*—*Legislative Powers.*—New trials cannot be had as a matter of right, but only upon the terms prescribed by the legislature. p. 562.

3. SAME.—*Misconduct of Counsel.*—*Argument to Jury.*—To present any question upon the misconduct of counsel in the argument to the jury, a specific motion must be made to withdraw the objectionable remarks from the consideration of the jury, or to admonish the jury to disregard same, and the trial court's ruling thereon assigned as a reason for a new trial. p. 562.

From Fulton Circuit Court; *Harry Bernetha*, Judge.

Prosecution by the State of Indiana against Otho Hill. From a judgment of conviction, defendant appeals. *Affirmed.*

*Rowley & Mattice* and *Nelson G. Hunter*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins*, *E. M. White* and *H. M. Dowling*, for the State.

MONTGOMERY, J.—Appellant was convicted upon a charge of rape, and assigns the overruling of his motion for a new trial as error. The ground of the motion relied upon as reversible error is misconduct of the assistant prosecuting attorney in the closing argument to the jury. In making the closing argument the assistant prosecutor was purporting to give the testimony of appellant, but in doing so misquoted him upon a material matter. Appellant's counsel objected, without stating any specific ground, and the court overruled their objection. It is admitted that the attorney did not repeat or continue the objectionable argument. A new trial was asked, "for the misconduct of George W. Hol-

man, the assistant prosecuting attorney, in the closing argument to the jury, over the objections of defendant,'' in making a statement particularly set out.

The Attorney-General insists that no question is presented, for the reason that the motion for a new trial is not founded upon, and does not charge, any erroneous

1. ruling of the court with respect to the alleged misconduct, but assigns the misconduct itself as grounds for a new trial. Misconduct of 'the prevailing party is not cause for a new trial in a criminal case; but a new trial is authorized for ''error of law occurring at the trial.'' The term ''error of law'' necessarily involves an erroneous ruling of the trial court. The alleged misconduct of an attorney in argument, with or without objection from opposing counsel, will not justify the granting of a new trial in such a case as this. New trials cannot be had as a matter

2. of right, but only upon the terms and grounds prescribed by the legislature.

It is apparent that the misstatement of counsel for the State was uttered before appellant's objection thereto was heard, and although it is claimed such objection was

3. overruled, the ruling may have been so made for the reason that the objection came too late, or was too general, since no specific ground of objection was stated at the time. It is conceded that the attorney did not continue or repeat the objectionable language; and if the statements already made were regarded as harmful and injurious to the rights of appellant, his counsel should have requested the court to withdraw the same from the consideration of the jury and to admonish them that they were to disregard such statements, or should have made such other motion as was deemed adequate fully to cure the error. If the court overruled a proper request in this connection, his ruling should have been excepted to, and assigned as a ground for a new tiral, under the head of errors of law occurring upon the trial. It is only a decision of the court,

duly excepted to, and assigned as a reason for a new trial, that is carried forward to the time of ruling upon such motion by §287 of "an act concerning public offenses." Acts 1905, p. 647, §1928 Burns 1905. The alleged misconduct of counsel in argument is not a statutory ground for a new trial, and presents no question for decision. *Coleman* v. *State* (1887), 111 Ind. 563; *Robb* v. *State* (1896), 144 Ind. 569; *Blume* v. *State* (1900), 154 Ind. 343; *Currier* v. *State* (1901), 157 Ind. 114; *Coppenhaver* v. *State* (1903), 160 Ind. 540.

The judgment is affirmed.