HUNT v. STATE OF INDIANA.

[No. 23,975. Filed December 2, 1921.]

1. CRIMINAL LAW. — *Appeal.* — *Briefs.*—*Sufficiency.*—*Questions Presented.*—Where appellant's brief fails to set out the affidavit under which she was prosecuted or any of the counts in it, no question is presented for review as to the trial court's rulings on motions attacking such affidavit. p. 408.

Hunt *v.* State—191 Ind. 406.

2. CRIMINAL LAW.— *Appeal.*— *Briefs.*— *Sufficiency.*— *Condensed Recital of Evidence.*—*Rules of Court.*—Under Rule No. 22, cl. 5, of this Supreme Court, providing that, when the sufficiency of the evidence to sustain the verdict is questioned, appellant's brief shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely, appellant's brief is insufficient to present for review any question as to the sufficiency of the evidence or as to the verdict being contrary to the law, where the brief gives extracts from the testimony of only four of the thirteen witnesses testifying, most of such recital being copied literally from the bill of exceptions, and nothing is stated concerning the remainder of the evidence.  p. 408.

3. CRIMINAL LAW.—*Appeal.*—*Questions Presented.*—*Rulings on Instructions and Evidence.*—*Failure to Specify as Grounds for New Trial.*—Alleged error in the giving of instructions and the admission of evidence cannot be challenged on appeal, where such error was not assigned as cause for a new trial.  p. 409.

4. CRIMINAL LAW.—*New Trial.*—*Grounds.*—*Rulings on Pleadings Before Arraignment.*—Rulings upon motions addressed to pleadings, made before defendant was arraigned or entered her plea, could not be successfully challenged by a motion for a new trial, even if erroneous.  p. 409.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Ada Hunt. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Thomas V. Miller* and *John P. Walterhouse,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—The appellant was prosecuted by affidavit and upon a trial by jury was found "guilty, as charged in the affidavit." She filed a motion for a new trial for the alleged reasons that the verdict was not sustained by sufficient evidence and was contrary to law, and that certain motions addressed to the "amended affidavit" were each erroneously overruled.

Her motion for a new trial was overruled, to which ruling the appellant excepted.

The original affidavit contained three counts, and was filed July 8, 1920. An amended affidavit containing four counts was filed by leave of court on February 1, 1921, at which time the appellant filed written objections to such filing, and excepted to the action of the court in overruling them, and then filed her motion to strike out such amended affidavit, and excepted to the order overruling it. She then filed a motion to quash each of the four counts of the amended affidavit, and excepted to the overruling of that motion.

After the verdict had been returned and the motion for a new trial overruled, the appellant moved in arrest of judgment for the alleged reason that the facts stated in the affidavit do not constitute a public offense, which motion was also overruled and appellant excepted. She has assigned as error the overruling of her objections to the filing of the amended affidavit, and of each of her motions to strike out such amended affidavit, and to quash each of certain counts thereof, and of her motion for a new trial, and her motion in arrest of judgment.

Appellant's brief does not set out the amended affidavit nor any of the counts in it, and for that reason it does not present for review any of the motions attacking such amended affidavit, either by asking that it be quashed, or that the judgment be arrested. These questions do not arise upon the original affidavit, which is all that appears in the brief.

A rule of this court (No. 22, clause 5) provides that "if the insufficiency of the evidence to sustain the verdict * * * is assigned the statement (in the appellant's brief) shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely." The

Hunt *v.* State—191 Ind. 406.

brief filed on behalf of appellant gives extracts from the testimony of four witnesses, out of thirteen who were examined; most of what it recites is copied literally from the bill of exceptions, setting out the questions asked and the answers given, and the remarks of counsel and of the court, in making objections and ruling thereon; nothing is stated concerning the evidence not thus copied; and these extracts are only what was typewritten on eight pages of the brief, although the evidence covers eighty-five typewritten pages of the transcript. This is not sufficient to present for our consideration any questions as to the sufficiency of the evidence or as to the verdict being contrary to law. We must presume that the many pages of evidence not set out nor referred to was sufficient to prove appellant's guilt.

Appellant complains of the instructions given, and of the admission of certain evidence over appellant's objection. But these matters were not presented 3. for review by any specifications in the motion for a new trial, and therefore cannot be challenged on appeal. The specifications in the motion for 4. a new trial which challenged the rulings on appellant's objections to filing the amended affidavit and her motion to strike it out must have been disregarded, even if the brief in all other respects were properly prepared, because rulings upon motions addressed to the pleadings, made before the defendant (appellant) was arraigned or entered her plea of "not guilty," would not constitute causes for a new trial, even if erroneous.

The judgment is affirmed.

Myers, J., absent.