BOUGHAN ET AL. v. STATE OF INDIANA.

[No. 24,095.   Filed February 13, 1923.   Rehearing denied March
29, 1923.]

1.  CRIMINAL LAW.—*Trial.*—*Instructions.*—*Invading Province of
    Jury.*—*Effect of Testimony.*—An instruction that "under the
    testimony" of certain witnesses they were accomplices *held* not
    erroneous, the meaning of the instruction being, not that the
    witnesses named were accomplices in any and all events, but
    according to their testimony only.   p. 67.

2.  CRIMINAL LAW.—*Reasonable Doubt.*—A reasonable doubt of
    guilt in guiding a jury to its verdict in the trial of a criminal
    case is not limited to a doubt which, if interposed in the graver
    transactions of life, would check the final judgment of the
    juror and cause him to pause and hesitate, but might be such
    a doubt as one might have in the minor transactions of life.
    p. 68.

3.  CRIMINAL LAW.—*Reasonable Doubt.*—A reasonable doubt of
    guilt in a criminal case is not limited to one which arises
    naturally and spontaneously in the mind, as such doubt may
    arise only after deep and thoughtful consideration of the evi-
    dence or lack thereof.   p. 68.

4.  CRIMINAL LAW.—*Instructions.*—*Reasonable Doubt.*—In a
    criminal prosecution, an instruction that, "A reasonable doubt
    is one that arises naturally and spontaneously in the mind
    after a fair and impartial consideration and weighing of all
    the evidence in the case and a determination and application
    of the law in the case, and leaves the mind in such condition
    that you do not feel an abiding satisfaction to a moral cer-
    tainty of the truth of the charge, but there remains in the
    mind an uncertainty which, if interposed in the graver tran-
    sactions of life would check your final judgment and cause you
    to pause and hesitate," *held* reversible error, as it may have
    led the jury to believe that no doubt, except one affecting the
    graver transaction of life, should be entertained in arriving
    at a verdict.   p. 68.

5.  APPEAL.—*Briefs.*—*Waiver of Error.*—Assignments of error
    that the verdict is contrary to law, and is not sustained by
    sufficient evidence, will be considered waived when not argued
    in appellant's brief, and the alleged deficiency in the evidence
    is not pointed out, nor citations given.   p. 69.

From Lake Criminal Court; *Martin J. Smith*, Judge.

Prosecution by the State of Indiana against Everett Boughan and Sam Katz. From a judgment of conviction, the defendants appeal. *Reversed.*

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *John F. Byrne,* for appellants.

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—Appellants were charged in an affidavit with the crime of robbery, upon a trial of which the jury returned a verdict against them of the crime of grand larceny, and from the judgment upon the verdict appellants appeal, and assign as error the overruling of their motion for a new trial, based upon the alleged errors committed by the court, by the giving of each of two instructions, and that the verdict of the jury is contrary to law, and that it is not sustained by sufficient evidence.

One of the instructions relates to the evidence of and who are accomplices, and the other to reasonable doubt.

1. Objection is made to the first instruction, that it was an unwarranted invasion of the province of the jury, based upon the following sentence taken from the instruction, to wit: "John Pon and Walter McIntosh have testified as witnesses in this case, and, under their testimony, they are what is known in law as accomplices." Appellants insist that by the language used in this sentence in the instruction, the court instructed the jury that Pon and McIntosh "were what is known in law as accomplices," and suggest by way of argument that this part of the instruction should have been worded:

"That Pon and McIntosh have testified as witnesses, and if you find from the evidence that such testimony is true, then they are known in law as accomplices."

The quotation from the argument in appellant's brief is clear and unambiguous, but the sentence as a whole from the instruction, is not subject to the interpretation that the two witnesses named were accomplices of the defendants in any and all events, but that according to their testimony only, were they known as accomplices in law. The instruction is not erroneous.

That part of the instruction complained of concerning reasonable doubt, is: "A reasonable doubt is one that arises naturally and spontaneously in the mind 2-4. after a fair and impartial consideration and weighing of all of the evidence in the case and a determination and application of the law of the case, and leaves the mind in such condition that you do not feel an abiding satisfaction to a moral certainty of the truth of the charge, but there remains in the mind an uncertainty, which, *if interposed in the graver transactions of life, would check your final judgment and cause you to pause and hesitate;*" and particularly to that part of the quotation in italics. If the part of the instruction quoted refers to evidence only, and had not been directed especially to reasonable doubt, it would not be subject to the criticism made by appellants. But that part of the instruction complained of pointedly relates to and attempts to define a reasonable doubt. A reasonable doubt in guiding a jury to its verdict in the trial of a criminal case, is not limited to a doubt which if interposed in the graver transactions of life would check the final judgment of the juror and cause him to pause and hesitate, but, to the contrary, might be such a doubt as one might have in the minor transactions of life. The instruction is subject to the interpretation that a reasonable doubt in the mind of a juror that would forbid acquittal, must be a doubt which, if interposed in the graver transactions of life, would check the final judg-

ment of the juror, and cause him to pause and hesitate. This is not the rule of law. This instruction is subject to the further criticism, that a reasonable doubt is one that arises naturally and spontaneously in the mind. A reasonable doubt to guide a jury in reaching a verdict in a criminal case, is not to be so limited. A juror may have a reasonable doubt which is not spontaneous, but arises only after deep and thoughtful consideration of the evidence, or lack of evidence. This instruction is subject to the same infirmity as the third instruction treated of in the case of *Brown* v. *State* (1886), 105 Ind. 385, 390. That part of the instruction complained of is an inaccurate statement of the law upon the subject of reasonable doubt, and may have led the jury into the error of believing that any doubt in their minds except one which affects the graver transactions of life, was not to be entertained in arriving at their verdict, for which reason the giving of this instruction is held to have been erroneous, on account of which this case must be reversed. The evidence does not point so unerringly to the guilt of the defendants that it can be said that the giving of the erroneous instruction did not prejudice the substantial rights of the defendants.

The assignments of error that the verdict of the jury is contrary to law, and not sustained by sufficient evidence, are not argued in the brief; neither is the 5. deficiency in the evidence pointed out, nor citations given, for which reason these errors will be considered as waived.

The judgment is therefore reversed, with instructions to sustain appellant's motion for a new trial.