COLEMAN v. STATE OF INDIANA.

[No. 24,868. Filed October 29, 1925.]

1. CRIMINAL LAW.—*In absence of bill of exceptions containing the evidence, sufficiency of evidence to sustain finding cannot be determined on appeal.*—In the absence of a bill of exceptions containing the evidence adduced on the trial of the cause, the Supreme Court cannot determine whether the finding was sustained by sufficient evidence. p. 652.

2. CRIMINAL LAW.—*Rulings of trial court presumed correct unless record affirmatively shows error.*—Except so far as af-

firmatively shown that error was committed, an appellate tribunal must presume that all rulings of the trial court were correct. p. 652.

From Marion Criminal Court (56,739); *James A. Collins,* Judge.

Lester Coleman was convicted of feloniously transporting intoxicating liquor, and he appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George Muller,* for the State.

WILLOUGHBY, C. J.—On June 20, 1924, there was filed in the office of the clerk of the Marion Criminal Court an affidavit against the appellant, charging him with unlawfully and feloniously transporting intoxicating liquor in an automobile, within the county of Marion, State of Indiana.

On September 2, 1924, the defendant filed a motion to quash the affidavit. The motion was overruled and exceptions taken. Defendant also filed a motion to suppress evidence. The state filed a general denial to the motion and evidence was heard on the motion to suppress evidence. And on October 24, 1924, the evidence on motion to suppress evidence was concluded and the motion overruled, and exceptions taken by the defendant. The defendant then waived arraignment and pleaded not guilty. The cause was then submitted to the court for trial, finding and judgment. The court found the defendant guilty and his age to be thirty-eight years. The court fixed his punishment at a fine of $100 and costs and that he be imprisoned in the Indiana State Prison not less than one year nor more than two years. Judgment was rendered on the finding.

On October 25, 1924, the defendant filed a motion for a new trial. The reasons for the motion for a new trial are: (1) The finding of the court is contrary to law;

(2) the finding of the court is not sustained by sufficient evidence; (3) error of law in overruling motion to suppress evidence. And on the same day, October 25, 1924, the motion for a new trial was overruled and exceptions taken. The transcript then shows the following entry: "And afterwards, to wit, on the —— day of 1924, being the —— judicial day of the July term, 1924, of said court, before the same honorable Judge thereof the following proceedings were had, viz.: 'Comes now the defendant by his counsel and tenders to the court bill of exceptions containing the evidence in this cause which is signed by the court, ordered filed and now is filed and is in the figures following, to wit'": The bill of exceptions recites the evidence on the hearing on the motion to suppress evidence. There is a certificate of the reporter certifying that the bill of exceptions contains all the evidence on the motion to suppress the evidence. The certificate of the judge attached thereto certifies that "the foregoing typewritten transcript of evidence is all the evidence on the hearing on the motion to suppress evidence." This certificate purports to have been signed on November 24, 1924.

The praecipe, as shown by the record, is as follows: "The clerk of said court will make out and certify a full and complete transcript of all entries made, papers filed and proceedings had in the above entitled cause, including therein the original bill of exceptions, instead of a copy thereof, containing the evidence in said cause, to be used on appeal to the Supreme Court of Indiana."

The certificate of the clerk to the transcript is as follows:

"State of Indiana ⎱
County of Marion ⎰ SS:

"I, Albert H. Losche, Clerk of the Criminal Court of Marion County, Indiana, do hereby certify that the

above and foregoing transcript contains, full, true and correct copies of all papers filed and entries of proceedings had in the above entitled cause as appears from the files and records in my office.

"I further certify that I have incorporated in this transcript the original bill of exceptions containing the evidence in said cause instead of a copy thereof, all as requested by the above and foregoing praecipe.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said court, at my office in the city of Indianapolis, this 21st day of November, 1924.

"Albert H. Losche,
"Clerk Criminal Court, Marion County, Ind."

The record does not contain the original bill of exceptions containing the evidence in the case, nor a copy of it. The record shows that the motion to suppress evidence was tried and oral evidence heard on an issue formed by a general denial to said motion and that the motion was overruled, but it does not show that the evidence sought to be suppressed was introduced or offered on the trial of said cause.

In the absence of a bill of exceptions containing the evidence, we cannot consider the questions raised

1. by the motion for a new trial in this case. *Farb v. State* (1924), 194 Ind. 399, 148.N. E. 155.

Except so far as the record is made affirmatively to show that error was committed, we must presume

2. that all rulings of the trial court were correct. *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130, 142 N. E. 1.

The judgment is affirmed.