## GROSE *v.* STATE OF INDIANA.

[No. 24,642. Filed December 10, 1925. Rehearing denied February 26, 1926.]

1. CRIMINAL LAW.—*Sufficiency of evidence to sustain conviction will not be reviewed on appeal where appellant's brief does not contain recital of evidence as required by Rule 22.*—The sufficiency of the evidence to sustain a conviction will not be reviewed on appeal where appellant's brief does not contain a condensed recital of the evidence in narrative form, as required by Rule 22 of the Supreme Court. p. 333.

2. CRIMINAL LAW.—*Defendant voluntarily taking the witness stand cannot complain of court questioning him.*—Where the accused voluntarily goes on the witness stand, he thereby subjects himself to the same treatment as other witnesses, and cannot complain of court questioning him on cross-examination or by way of explanation of his testimony. p. 333.

3.  WITNESSES.—*Any fact tending to impair the credibility of a witness, by showing his interest, bias, ignorance or depraved character may be shown on cross-examination, the extent of cross-examination being within discretion of court.*—Any fact tending to impair the credibility of a witness by showing his interest, bias, ignorance, or that he is depraved in character may be shown on cross-examination, but the extent to which the cross-examination can be carried is within the sound discretion of the court. p. 334.

4.  CRIMINAL LAW.—*Appellant's brief held to wholly fail to comply with Rule 22 of the Supreme Court.*—Appellant's brief *held* to wholly fail to comply with Rule 22 of the Supreme Court, in not containing a condensed recital of the evidence, reference to the page or line of the transcript where the errors could be found, or separately numbered points, stated concisely and without argument, together with the authorities relied on to support them. p. 334.

5.  CRIMINAL LAW.—*Appellant must present a record on appeal affirmatively showing that trial court committed error, as a ruling of the trial court will be taken to be correct on appeal in the absence of an affirmative showing to the contrary.*—In order to present any question for review on appeal, the appellant must present a record which shows affirmatively that the trial court committed error, as a ruling of the trial court will be taken to be correct on appeal in the absence of an affirmative showing to the contrary. p. 334.

From Marion Criminal Court (55,885); *James A. Collins,* Judge.

Walter Grose was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Galvin & West* and *Frank C. Riley,* for appellant.

*U. S. Lesh,* Attorney-General and *Ethan A. Miles,* for the State.

WILLOUGHBY, J.—This action was prosecuted by the state against the appellant charging him with having unlawfully sold intoxicating liquor. The prosecution was by affidavit filed in the criminal court of Marion county, Indiana. The appellant was tried by the court without a jury. The court found him guilty and rendered judgment on the finding. A motion for a new

trial was made and overruled and appellant appealed and assigned as error that the court erred in overruling his motion for a new trial. In preparing his brief appellant has failed to comply with the rules of the Supreme Court. Rule 22 of the Supreme Court provides that the brief of the appellant shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the page and line of the transcript. If the sufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely.

The brief of the appellant does not contain a condensed recital of the evidence.

The appellant claims that the finding of the court is not sustained by sufficient evidence. He recites the testimony of one witness as follows: "I saw Walter Grose at the Claypool in Indianapolis, on the 19th day of December, 1923, and got a pint of whisky from him for another party and paid him six dollars for it." The brief of appellant shows that at least four other witnesses testified, but their testimony is not set out in the brief, it merely referring to the transcript where such testimony may be found.

The appellant says that the court erred in compelling him, in answer to its own questions, to testify and give evidence of a previous conviction of the violation of the liquor law, when a previous conviction had not been alleged in the affidavit on which he was tried. Appellant's brief does not give any reference to the page or line of the transcript in which this error is alleged to have occurred. An examination of the record fails to show that any objection was made at the time to any of these questions so propounded by the court, as alleged by this appellant, but

it does show that the defendant voluntarily went upon the witness stand and gave evidence in the trial of the cause.	It appears from the record that the judge himself asked the defendant certain questions on cross-examination or by way of explanation of his testimony. These questions were proper.	The defendant in becoming a witness subjected himself to the same treatment as any other witness.

It has been held that any fact tending to impair the credibility of a witness by showing his interest, bias, ignorance, motives, or that he is depraved in 3. character may be shown on cross-examination, but the extent to which the cross-examination can be carried is within the sound discretion of the court. *Pierson* v. *State* (1919), 188 Ind. 239; *Vancleave* v. *State* (1898), 150 Ind. 273.	We see no error in the questions propounded by the court in this case.

Appellant's brief does not contain, under a separate heading of each error relied on, separately numbered points stated concisely and without argument, 4. together with the authorities relied on in support of them.	The brief wholly fails to comply with Rule 22 of the Supreme Court.

An appellant who alleges error must present a record for the consideration of this court, which shows affirmatively that the trial court committed 5. error.	Ewbank's Manual of Practice (2d ed.) §209.	A ruling of the trial court will be taken to be correct on appeal in the absence of an affirmative showing to the contrary.	*Malone* v. *State* (1913), 179 Ind. 184; *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130; *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162. No error is shown by the record.

The judgment is affirmed.