## FRITCH ET. AL. *v.* STATE OF INDIANA.

[No. 25,090. Filed February 22, 1927.]

1. CRIMINAL LAW.—*Trial court's determination as to juror's expression of opinion that defendant was guilty not disturbed on appeal.*—The determination of the trial court that, prior to the trial, a juror had not expressed an opinion as to the guilt of the defendant will not be disturbed on appeal when there is evidence supporting the court's decision, notwithstanding conflicting affidavits to the contrary. p. 91.

2. JURY.—*Qualifications of a juror.*—To be qualified as a juror, either grand or petit, a person must be a resident voter of the county, and either a freeholder or householder. p. 92.

3. ELECTIONS.—*Voters' qualifications cannot be changed by statute.*— The qualifications of voters as defined in Art. 2, §2 of the state Constitution (§91 Burns 1926) cannot be changed or added to by statute. p. 92.

4. JURY.—*Registration or voting not qualification of juror.*—A house-

holder twenty-one years of age who had lived in the county of a trial for four years was qualified to serve as a juror although he had never voted or registered.  p. 92.

5. CRIMINAL LAW.—*Cross-examination of defendant.*—When a defendant becomes a witness in his own behalf, he subjects himself to the same treatment on cross-examination as other witnesses.  p. 93.

6. CRIMINAL LAW.—*Questioning of defendant, on cross-examination, about his conviction of crime.*—In this state, it is proper to ask a dedefendant, on cross-examination, whether he has been convicted of a crime, for the purpose of discrediting his testimony, and this rule includes misdemeanors as well as felonies.  p. 93.

7. WITNESSES.—*In criminal prosecutions, defendants may be cross-examined as to previous convictions of misdemeanors.*—In a prosecution against three persons for burglary and conspiracy to commit a felony, it was not an abuse of discretion to permit cross-examination of the defendants as to previous conviction for misdemeanors, as they may be cross-examined as to previous conviction of "crime" to discredit their testimony, and the word "crime" includes both felonies and misdemeanors.  p. 93.

8. WITNESSES.—*Cross-examination of defendant as to prior convictions within discretion of trial court.*—Cross-examination of a defendant in a criminal prosecution relative to prior convictions as a means of discrediting his testimony is within the sound discretion of the trial court.  p. 93.

9. CRIMINAL LAW.—*Presumed that trial court limited defendants' evidence of a prior conviction, on cross-examination, to their credibility.*—It will be presumed on appeal, where the instructions are not in the record, that on cross-examination of defendants relative to a prior conviction, the evidence was limited by proper instructions to the credibility of the defendants.  p. 93.

10. CRIMINAL LAW.—*Felons are competent witnesses and their credibility is for the jury.*—The fact that witnesses for the state were felons would not require the reversal of a judgment of conviction, as it would not render them incompetent and their credibility would be for the jury.  p. 94.

From Brown Circuit Court; *Fremont Miller*, Judge.

Art Fritch, Lowell Long and Vernon Miller were convicted of burglary and conspiracy to commit a felony, and they appeal. *Affirmed.*

*James B. Wilson*, for appellants.

*Arthur L. Gilliom*, Attorney-General and *Frank L. Greenwald*, for the State.

GEMMILL, C. J.—Art Fritch, Lowell Long and Vernon Miller, appellants herein, were jointly indicted, tried and convicted of burglary and conspiracy to commit a felony, in the Brown Circuit Court. They have appealed and have assigned as error that the court erred in overruling their motion for a new trial. The crime of burglary in the first degree is defined in §1, ch. 165, Acts 1915, §2446 Burns 1926; and conspiracy to commit a felony is defined in §641, ch. 169, Acts 1905, §2882 Burns 1926.

On the night of January 17, 1925, James Richardson and his wife, Mary Richardson, in their home in the country between Helmsburg and Trevlac, in Brown county, were robbed of a sum of money amounting to $1,200, or more, by three men, whose faces were blacked. Mr. Richardson was seventy-two years old and in poor health. The robbers remained there for two or three hours and mistreated and tortured Mr. and Mrs. Richardson until the money which they had there was secured.

Two of the causes for a new trial relate to two of the jurors. One of the jurors answered upon his *voir dire* that he had not formed an opinion and had not 1. expressed an opinion as to the guilt or innocence of either of the defendants. After the trial, as a part of defendants' motion for new trial, they filed an affidavit of another party, who stated that, prior to the trial, he heard said juror state that from what he had heard other people say, he thought they were guilty. The juror then executed an affidavit in which he stated that he did not say what the other party alleged that he had said, and that prior to the time he was selected as a juror, he had not formed or expressed an opinion as to the guilt or innocence of the defendants or either of them and that, at the time he was selected as a juror, he had no opinion as to their guilt or innocence and that he did not know either of them. The court tried the matter

by considering the two affidavits and found that the charge was not sustained.    There being evidence to support this decision, it cannot be disturbed on appeal. *Smith* v. *State* (1895), 142 Ind. 288, 298, 41 N. E. 595; *Hinshaw* v. *State* (1897), 147 Ind. 334, 378, 379, 47 N. E. 157.

Appellants claimed that another member of the jury was not a legal voter and therefore not a legal juror. This juror had lived in Brown county for four years with his family, but had never voted in that county and had never registered as a voter there. It was contended that he was not a voter because he was not registered and, for that reason, was not eligible to serve as a juror.    To be qualified as a juror, either grand or petit, a person must be a resident voter of the county and a freeholder or householder.    §1, ch. 176, Acts 1917, §1833 Burns 1926.    Every citizen of the United States, of the age of twenty-one years and upwards, who shall have resided in the state during the six months, and in the township sixty days, and in the ward or precinct thirty days, immediately preceding the election, shall be entitled to vote in the township or precinct where he or she may reside.    Art. 2, §2, State Constitution, §91 Burns 1926.    When the Constitution defines the qualfications of voters such qualifications cannot be changed nor added to by statute.    *Morris* v. *Powell* (1890), 125 Ind. 281, 25 N. E. 221; *State* v. *Shanks* (1912), 178 Ind. 330, 99 N. E. 481.    The theory upon which registration laws may be supported is that they do not impair or abridge the elector's privilege, but merely regulate its exercise by requiring evidence of the right.    9 R. C. L. 1036, §52.    Only a voter can register.    The juror in question was a voter, eligible to serve as a juror, as registration is not one of the constitutional qualifications of a voter.    Appellants' contention as to said juror cannot be sustained.

Errors are alleged to have been committed at the trial, as the court over the objections of each of said defendants required each of them, when a witness on cross examination, to answer questions put to him as to his conviction before said trial of certain misdemeanors. The misdemeanors were assault and battery, trespass, slander and provoke. It is well settled that when a defendant becomes a witness in his own behalf, he subjects himself to the same treatment on cross-examination as other witnesses. *Neal* v. *State* (1912), 178 Ind. 154, 98 N. E. 872; *Grose* v. *State* (1925), 197 Ind. 331, 149 N. E. 722. In Underhill, Criminal Evidence (3d ed.) §115, it is said: "The defendant may be questioned when he becomes a witness in his own behalf as to specific acts to test his credibility. Thus his previous conviction of an offense, crime or felony may be shown." In a criminal case, in this state, it is proper to ask a defendant on cross-examination, if he has been convicted of a crime, for the purpose of discrediting his testimony, *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; *Ellis* v. *State* (1898), 152 Ind. 326, 52 N. E. 82; *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118; *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52. In Webster's New International Dictionary, it is said: "Crime includes all grades of public offenses, which at the common law are often classified as treason, felony and misdemeanor." It is contended by appellants that a defendant can only be compelled to answer on cross-examination concerning his conviction of a heinous crime or a felony and not concerning his conviction of a misdemeanor. In this jurisdiction, it is a question in the sound discretion of the trial court whether the matter inquired about tends to affect his credibility as a witness. *Neal* v. *State, supra; Parker* v. *State, supra; Vancleave* v. *State, supra.* In *Bessette* v. *State* (1885), 101 Ind. 85,

it was held that on cross-examination of a witness, questions which showed his character and antecedents should be allowed. In *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689, in which the defendant was charged with assault and battery, it was held proper to ask a·witness whether he, the witness, had been convicted previously of assault and battery. In *Pierson* v. *State, supra,* the crime about which the defendant admitted on cross-examination that he had been convicted was a misdemeanor. The crimes about which a defendant can be required to answer on cross-examination for the purpose stated, have not been confined to felonies by this court. It is not shown by the appellant that the discretion of the trial court was not properly exercised in said matter. The evidence to which exceptions were taken was competent, and it must be presumed that the court, by the instructions, which are not in the record, limited same to the purpose for which it was introduced.

The appellants insist that the judgment of conviction should not be upheld because two witnesses who testified as to admissions made by them about the crime, were felons. They were competent witnesses and it was for the jury to determine whether they were worthy of belief. There was evidence which, if believed by the jury, was sufficient to sustain the verdict. It does not appear that the verdict was contrary to law. The circuit court did not commit error in overruling the motion for a new trial.

The judgment as to each appellant is affirmed.