## MOORE *v.* STATE OF INDIANA.

[No. 25,363.   Filed December 23, 1927.]

1. CRIMINAL LAW.—A plea in abatement must be filed before a plea in bar.   p. 580.

2. CRIMINAL LAW.—*Difference between motion to quash and plea in abatement.*—A plea in abatement is analogous to a motion to quash; the difference being that the latter attacks the proceeding for the matters shown by the indictment or affidavit, and the former attacks it because of matters that are not shown by the pleading.   p. 580.

3. CRIMINAL LAW.—*Error in ruling on motion to quash must be presented on appeal by direct assignment of error.*—Error predicated upon the court's decision pertaining to a motion to quash cannot be presented for consideration on appeal by specifying such ruling as one of the causes for a new trial, as such action is no part of the trial proper; the alleged error must be presented by a direct assignment of error on appeal.   p. 580.

4. CRIMINAL LAW.—*Ruling on demurrer to plea in abatement, how presented for review on appeal.*—A ruling on a demurrer to a plea in abatement cannot be presented for review on appeal by making it

one of the grounds for a new trial, but the action of the court must be assigned as error on appeal.  p. 580.

5.  CRIMINAL LAW.—*Plea in abatement must be set out in appellant's brief to present for review any ruling thereon.*—Error in ruling on a demurrer to a plea in abatement is not presented for review on appeal where neither the plea nor its substance is set out in appellant's brief.  p. 580.

6. · CRIMINAL LAW.—*Validity of search warrant not presented for review on appeal.*—The validity of a search warrant, through which evidence against the accused was procured, is not presented for review on appeal where appellant's brief does not contain the affidavit for the search warrant, the search warrant or the return thereon. p. 580.

7.  CRIMINAL LAW.—*Error in admission of evidence obtained by invalid search warrant not presented for review on appeal.*—In a prosecution for unlawfully transporting intoxicating liquor, where there was no motion to quash the search warrant through which the evidence against the accused was procured, nor any motion to suppress the evidence so obtained, nor any objection to the admission of the evidence because it was obtained by an invalid search warrant, the invalidity of the search warrant is not presented for review on appeal.  p. 580.

8.  CRIMINAL LAW.—An abstract proposition of law stated in appellant's brief, but not brought under any assignment of error, will not be considered on appeal.  p. 581.

9.  CRIMINAL LAW.—*Matters not referred to in motion for new trial not considered on appeal when overruling motion is only error assigned.*—Where the only error assigned on appeal is the overruling of appellant's motion for a new trial, matters not referred to in such motion will not be considered.  p. 581.

From Elkhart Circuit Court; *James S. Drake,* Judge.

James M. Moore was convicted of unlawfully transporting intoxicating liquor, and he appeals.  *Affirmed.*

*Guy W. Dausman,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was convicted of transporting intoxicating liquor (Acts 1925, ch. 48, §4, §2717 Burns 1926), and assigns as error upon appeal the overruling of his motion for a new trial.

One of the alleged errors sought to be presented upon

appeal is, "The court erred in sustaining the state's demurrer to the plea in abatement filed by the appellant." This is the first cause alleged in the motion for a new trial. A plea in abatement must be filed before a plea in bar. As a pleading, it is analogous to a motion to quash, the difference being that the latter is directed to what appears upon the face of the pleading attacked (*Williams* v. *State* [1919], 188 Ind. 283, 123 N. E. 209), and the former to what does not appear upon the face of the pleading attacked— behind the pleading. Errors predicated upon the court's decision pertaining to a motion to quash are no part of the trial upon the merits, and may not be presented for consideration upon appeal, through the office of a motion for a new trial; the alleged error must be presented by a direct assignment of error. *Nafe* v. *Leiter* (1885), 103 Ind. 138, 2 N. E. 317; *Utley* v. *State* (1924), 194 Ind. 186, 142 N. E. 377; *Hunt* v. *State* (1921), 191 Ind. 406, 409, 133 N. E. 8. And, by analogy, the alleged error based upon the ruling which sustains the demurrer to the plea in abatement, being no part of the trial of the merits, may not be presented by alleging such ruling as erroneous in a motion for a new trial. Such an alleged error must be pleaded in the assignment of errors. *Leach* v. *Prebster* (1872), 39 Ind. 492.

Even though appellant did not present the action of the court in sustaining appellee's demurrer by a separate assignment of error, the action of the court is not presented, because of another reason. The plea in abatement is not set out in appellant's brief, neither is the substance of it. *Briles* v. *State* (1927), 198 Ind. 689 (1), 154 N. E. 659.

Next, the attempt is made to present the proposition of law in this case that the search warrant, through which the evidence introduced against appellant was procured, was issued on an affidavit based

solely upon suspicion, and was therefore of no value. The question presented by this proposition is not before the court for the reason that the brief does not contain the affidavit for the search warrant, the search warrant, or return thereon; neither was there a motion to quash the search warrant nor a motion to suppress evidence because of an invalid search warrant, nor was there any evidence presented during the trial nor objection by appellant for the reason that such evidence was gained wholly and solely by an invalid search warrant, which latter question would be presented by errors predicated upon the admission or exclusion of evidence over objection.

The next proposition is that, "Evidence secured by a search warrant unlawfully procured should not be admitted." This is an abstract proposition of law 8. which is not brought under any assignment of error, which, in the case at bar, is the action of the court overruling appellant's motion for a new trial.

The next proposition is that a search warrant must be executed promptly, that is, within a reasonable time. In this case, the warrant was not executed for 9. six days. This proposition was not directed to the motion for a new trial, which is the only error assigned, and in fact the motion for a new trial mentions no such alleged error.

The next proposition is that a search warrant must describe a place, not a thing. This proposition is not directed to the motion for a new trial, and affidavit for the search warrant and the warrant itself not being in the brief, the court does not know of such defect in the warrant except and unless it be taken for granted by this unrelated proposition of law.

The last proposition is that, "An arrest without warrant must be on probable cause." The brief does not state that this proposition is based upon, or relates to,

any of the causes for a new trial. There was no motion to quash the writ of arrest, or other attack made upon the writ. We cannot see that the proposition is in any manner related to any of the causes for a new trial. The proposition does not present a question for review.

We find that the motion for a new trial was properly overruled.

Judgment affirmed.