## DE LATOUR *v.* STATE OF INDIANA.

[No. 25,550.   Filed April 3, 1929.]

*H. B. Pike,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Depty Attorney-General, for the State.

GEMMILL, J.—This is an appeal in a criminal cause, in which, in the criminal court, it was charged by affidavit that the appellant, on or about June 22, 1927, at and in the county of Marion and State of Indiana, did then and there unlawfully, feloniously, wilfully and

maliciously set fire to and burn a certain church of the value of $35,000, and further alleged that the appellant had been three times formerly convicted, sentenced and imprisoned for felony. He was tried by a jury and found guilty of the crime of arson in the second degree and of being an habitual criminal. The judgment was that, for the crime of arson in the second degree, he be imprisoned in the Indiana State Prison for a term of not less than one nor more than 10 years, and that, as an habitual criminal, he be imprisoned in said Indiana State Prison for life.

On appeal, he has assigned as error that the court erred in overruling his motion for a new trial. In this motion for a new trial, he has stated six causes for same. The first cause has been waived.

The second cause is that the court erred in overruling the defendant's motion to quash the affidavit. This alleged error can be presented only by a direct assignment of error. A motion to quash is no part of the trial upon the merits and cannot be presented for consideration, upon appeal, by a motion for a new trial. *Smurr* v. *State* (1883), 88 Ind. 504; *Hunt* v. *State* (1921), 191 Ind. 406, 133 N. E. 8: *Utley* v. *State* (1924), 194 Ind. 186, 142 N. E. 377; *Bond* v. *State* (1927), 199 Ind. 484, 158 N. E. 241; *Moore* v. *State* (1927), 199 Ind. 578, 159 N. E. 154; Ewbank, Manual of Practice (2d ed.) §39.

The third and fourth causes are based on alleged errors in admission of evidence, and the sixth cause is that the verdict is not sustained by sufficient evidence. The appellant has not complied with Rule 22 of this court as to the evidence, which provides: The brief of appellant shall contain a short and clear statement disclosing a concise statement of as much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript.

If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The appellant has not presented for review any question on the evidence. *Fox* v. *State* (1917), 186 Ind. 299, 116 N. E. 295; *Coff* v. *State* (1921), 191 Ind. 416, 133 N. E. 3; *White* v. *State* (1923), 193 Ind. 70, 138 N. E. 754; *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, 154 N. E. 388.

The fifth cause in the motion for a new trial is that the verdict of the jury is contrary to law. Under this specification, the appellant attempts to show that the Habitual Criminal Act (ch. 82, Acts 1907, §§2339, 2340 Burns 1926) is unconstitutional. In *State* v. *Beach* (1897), 147 Ind. 74, 43 N. E. 949, 36 L. R. A. 179, this court said: "The question of whether an indictment states facts constituting a public offense should be presented by a motion to quash, or a motion in arrest. In this manner only can the rights of the State be properly protected." This case has been followed by the court in *State* v. *Cameron* (1911), 176 Ind. 385, 96 N. E. 150, and *Guetling* v. *State* (1927), 199 Ind. 630, 158 N. E. 593. The question as to the unconstitutionality of the act upon which the affidavit was predicated cannot be presented in the way attempted in this cause. The appellant has not stated any other alleged reason why the verdict of the jury was contrary to law.

The court did not err in overruling the motion for a new trial.

The judgment is affirmed.