GAMBINO *v.* STATE OF INDIANA.

[No. 25,412.   Filed March 11, 1930.   Rehearing denied June 25, 1930.]

*Jenkines & Jenkines,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Bernard A. Keltner,* Deputy Attorney-General, and *Albert M. Campbell,* for the State.

WILLOUGHBY, J.—This is a criminal proceeding commenced by affidavit filed in the circuit court of Cass County, Indiana, charging the appellant, Tony Gambino, with unlawfully transporting intoxicating liquor in an automobile.

A motion to quash was made and overruled. The appellant then waived arraignment and entered a plea of not guilty. A trial by jury resulted in the following verdict: "We, the jury find the defendant, Tony Gambino, guilty as he stands charged in the affidavit, and that he is 29 years of age." A motion for a new trial was made and overruled, and, on June 25, 1926, the court pronounced judgment on the verdict. From the judgment, this appeal was taken.

The appellant's brief alleges errors relied on for reversal as follows: (1) The court erred in overruling appellant's motion to quash; (2) the court erred in overruling appellant's motion for a new trial; (3) the court erred in overruling appellant's motion in arrest of judgment; (4) the court erred in passing judgment and sentencing appellant upon the verdict of the jury.

The charging part of the affidavit is as follows: "Ralph Short, being first duly sworn, upon his oath, says that on April 19, 1926, at and in the county of Cass, State of Indiana, one Tony Gambino, did then and there unlawfully and feloniously transport intoxicating liquor in an automobile."

The first error alleged by the appellant is not discussed or mentioned in the "Points and Authorities" part of appellant's brief, and the failure to so present it is a waiver of the alleged error. *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697.

In *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72, it is held that assignments of error not set out in the "Points and Authorities" part of appellant's brief are waived. To the same effect see, *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 87 N. E. 984, 89 N. E. 311.

The second alleged error relied on by appellant for reversal is that the court erred in overruling appellant's motion and cause for a new trial, but an examination of the brief shows that it fails to set out the motion for a new trial or the substance thereof; therefore, no question thereon can be considered. See clause 5, Rule 22, Supreme Court; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Ward* v. *State* (1913), 179 Ind. 524, 101 N. E. 809; *White* v. *State* (1915), 182 Ind. 686, 107 N. E. 674; *Briles* v. *State* (1927), 198 Ind. 689, 154 N. E. 659. The questions arising on the overruling of said motion for a new trial are not presented to this court for review.

The third alleged error is that the court erred in overruling appellant's motion in arrest of judgment. No question is raised on this ruling in the "Points and Authorities" part of appellant's brief and this alleged error is therefore waived. *Kunkalman* v. *State, supra; Black* v. *State, supra; Tow* v. *State, supra.*

The fourth error alleged by appellant is that "the court erred in passing judgment and sentencing appellant upon the verdict of the jury." This alleged error is not discussed and no questions are raised in the "Points and Authorities" part of appellant's brief. It is therefore waived and cannot be considered by this court. *Tow* v. *State, supra.*

The appellant alleges that the court erred in overruling

appellant's motion to suppress the evidence of Ralph
Short and Walter Boyer, and that the court erred
in permitting the two witnesses to testify concern-
ing the finding of intoxicating liquor in the auto-
mobile, and that the court erred in refusing to instruct the
jury peremptorily to return a verdict of not guilty, and that
the court erred in overruling the motion and cause for a
new trial. In none of these instances does appellant's
brief give any information where such alleged erroneous
rulings may be found in the record nor where such offers
and objections were made or exceptions taken to such
rulings.

In *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142,
100 N. E. 465, it is held that error predicated on the ad-
mission or rejection of certain testimony is deemed
waived when appellant's brief neither refers to where
such rulings may be found in the record nor shows where
such offers were made or exceptions taken to such rulings.
To the same effect, see *McMurran* v. *Hannum* (1916),
185 Ind. 326, 113 N. E. 238; *Indiana, etc., R. Co.* v. *Ditto*
(1902), 158 Ind. 669, 64 N. E. 222; *Princeton Coal Co.* v.
*Dorth* (1921), 191 Ind. 615, 133 N. E. 386, 134 N. E. 275,
24 A. L. R. 1471. In *Inland Steel Co.* v. *Smith* (1907),
168 Ind. 245, 80 N. E. 538, it is held that, where com-
plaints are made of certain rulings or evidence, but the
page and line where such evidence may be found are not
set out in appellant's brief, such questions will not be
considered. In *Schmoe* v. *Cotton* (1906), 167 Ind. 364,
79 N. E. 184, it is held that alleged errors on appeal not
mentioned by appellant in his statement of "Points" in
his brief are waived and cannot afterward be raised.

Appellant's brief on appeal from conviction having no
"Propositions, Points or Authorities" on which he relies
to support either of his assignments of error does
not comply with Supreme Court Rule 22, clause 5,
and does not present any question for review.

*Briles* v. *State, supra; Scott* v. *State, supra; Ward* v. *State, supra; White* v. *State, supra; Moore* v. *State* (1927), 199 Ind. 578, 159 N. E. 154.

It is incumbent upon the appellant claiming error to point in his brief to the record showing exceptions saved. The burden is on the appellant to show reversible error. This he has not done.

Judgment affirmed.