WAGGONER *v.* STATE.

[Nos. 28,511, 28,512, 28,513. Filed May 6, 1949.]

*Edward M. Sutton*, of Gary, for appellant.

*J. Emmett McManamon*, Attorney General, *Charles F. O'Connor*, Deputy Attorney General, *Merl M. Wall*, Deputy Attorney General, for appellee.

EMMERT, J.—These are appeals from separate judgments convicting the appellant of malicious trespass in No. 28511, disorderly conduct in No. 28512, and trespass in No. 28513. The three cases were tried at the same time by the same jury, which returned verdicts of guilty and assessed the punishment. Appellant's three briefs are substantially the same so that each appeal may be decided by one opinion. The issues presented for our consideration arise upon the State's separate motions to dismiss the appeals.

The error assigned in each appeal is the overruling of the motion for new trial, which in each case charged the insufficiency of the evidence and misconduct of the prosecuting attorney. There is no statement as to wherein the prosecuting attorney was guilty of any misconduct, nor is any ruling of the court in connection therewith set out as error. *Hill* v. *State* (1908), 169 Ind. 561, 83 N. E. 243, holds such omission waives the alleged error.

There is no condensed recital of the evidence in narrative form in any brief. "If the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. . . ." Rule 2-17(e). Clause (h) of the same rule provides that "Errors assigned and not treated as herein directed shall be deemed to be waived." This court has consistently held that such a failure presents no question as to the sufficiency of the evidence on appeal. *Golden Guernsey Farms, Inc.* v. *State* (1945), 223 Ind. 606, 63 N. E. 2d 699; *De La Tour* v. *State* (1929), 201 Ind. 14, 165 N. E. 753; *Grose* v. *State* (1925), 197 Ind. 331, 149 N. E. 722; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Fronczak* v. *State* (1925), 197 Ind. 48, 149 N. E. 725; *Hunt* v. *State* (1921), 191 Ind. 406, 409, 133 N. E. 8; *Ogle* v. *State* (1912), 178 Ind. 672, 100 N. E. 5; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870.

Nor do any of appellant's briefs comply with clause (f) of Rule 2-17, which requires:

"The briefs shall contain under the heading, 'Propositions, Points and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is

the overruling of the motion for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. Assigned error which is not set out in this part of the brief and supported by propositions, points and authorities, will not be considered."

Under the improper heading of "Arguments and Authorities," the appellant sets out three abstract propositions of law, without making any application whatever to the issues she seeks to present by the appeals. Merely stating an abstract proposition of law, or failure to apply a proposition of law to the facts in issue, is a waiver of the claimed error. This court has many times so held. *Ogle* v. *State, supra; Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543; *Winters* v. *State* (1926), 199 Ind. 719, 154 N. E. 478; *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577. See also *Sichick* v. *State* (1929), 89 Ind. App. 132, 166 N. E. 14.

The briefs also fail to comply with clause (g) of Rule 2-17, which requires the "Propositions, Points and Authorities" to be followed and supported by an argument thereon.[1] Failure to so comply is a waiver. Clause (h) of Rule 2-17. See *Boughan* v. *State* (1923), 193 Ind. 66, 138 N. E. 87.

---

[1] Rule 2-17 (g). "Following that part of the brief headed, 'Propositions, Points and Authorities,' and under the heading 'Argument,' there shall be a discussion elaborating the propositions and points of law and authorities theretofore cited. All

These appeals fail to present a case where a good faith effort has been made to comply with the requirements on appeal. The defects extend to more than mere form; they go to the substance of the briefs themselves. Since the filing of the motions to dismiss, the appellant has not attempted to correct the defects challenged by such motions. As the Attorney General has suggested, we are not required in such appeals to act as counsel for appellant, and search the record and the books for some ground on which to base a reversal. There is no necessity for putting the State to the additional expense of filing a brief on the merits when the result in each appeal would be an affirmance. A failure to file a brief as required by the rules of this court may be cause for a dismissal of the appeal. *Cutler* v. *State* (1878), 62 Ind. 398. Or on a motion to dismiss by the State, where no error has been presented to this court, the judgments may be affirmed. *Winters* v. *State, supra.* The latter course seems desirable in these appeals.

Judgments affirmed.

NOTE.—Reported in 85 N. E. 2d 642.

argument and elaboration of propositions and application of legal principles and authorities to the questions presented shall be confined to this part of the brief."