## LESLIE *v.* STATE OF INDIANA.

[No. 29,613. Filed May 22, 1959.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

LANDIS, C. J.—Appellant is here on an appeal from his judgment of conviction for second degree burglary.

Appellant here first contends the evidence was insufficient to support the jury's verdict, viz: that second degree burglary is a specific intent crime and that because of appellant's intoxication there was a total failure of proof of specific intent to commit a felony.

Evidence was introduced by the state to show that police officers on night patrol were checking business establishments and noticed the Reeves Auto Company had its combination missing from the safe inside the building. Appellant and his accomplice were found inside the building, the safe was broken into, and a sledge hammer, crow-bar and screw-driver were found nearby. A cigarette machine was pried open and cigarettes were lying on the floor. The men were arrested and a punch or pry bar was found in appellant's pocket. Appellant remarked to the officers that they were checking well because this was his first time and he got caught. There was testimony from the officers that appellant talked like an ordinary citizen and did not appear any different from anybody else. One of the officers testified he didn't know if appellant had been drinking and when asked why no drunkometer test was given, replied: "Seen nobody intoxicated, I see no reason why."

Appellant and his accomplice and a relative testified

as to the amount of drinking he had done and the relative testified appellant was drunk.

This court cannot weigh the evidence but can review the same to ascertain whether the verdict of the jury is sustained by sufficient evidence to support a conviction. There was sufficient evidence introduced before the jury indicating a breaking and entering by appellant with intent to commit a felony to sustain the verdict of the jury finding him guilty. The evidence of intoxication is in conflict, and on appeal we cannot resolve the conflict as that was the jury's function below. The evidence favorable to the state being sufficient to support the jury's verdict, we must hold against appellant's first contention.

Appellant next complains of the refusal of the court to allow certain questions to be answered by certain state witnesses on cross-examination.

The first question was: "As a matter fact this is the first time he has ever been arrested, isn't it?"; to which was appended the further question, "If you know of your own knowledge?"

The question sought to be asked this witness does not appear to have been asked for impeachment purposes and this line of questioning was objectionable as the attempted cross-examination went beyond the scope of the direct examination. Appellant has not shown the action of the court sustaining this objection to have been error.

The next three contentions of appellant relate to questions asked other state's witnesses as whether: ". . . if a man is too drunk to form an intent that that's a defense to a crime?" whether ". . . it's been brought to your attention . . . that this [case] is being defended on the defense that he was drunk when he went in there" and whether a wtiness knew it ". . . is being

defended on the theory that this man was drunk when he went in that place?"

None of these questions were proper. The first one called upon the witness to answer as to whether the alleged drunkenness was a defense to the crime. That issue was for the jury to decide and not for a witness to give evidence upon. The other questions as to whether a witness knew the case was being defended on the ground of drunkenness were not proper as they related to immaterial matters not properly to be elicted from the witness stand.

The last question appellant contends should have been answered was asked of state's witness Adams on cross-examination, viz:

"Now, then in your experience along that line, then may I ask you if you haven't run across people who did not appear to be intoxicated, but who were quite intoxicated?"

From appellant's condensed recital of the evidence in his brief, no mention is made of any testimony from this witness on direct examination on the subject of intoxication, and it therefore appears the above question was not proper cross-examination. The law is well settled that this court on appeal will not search the transcript of the record in order to reverse. See: *Appleby* v. *State* (1943), 221 Ind. 544, 557, 48 N. E. 2d 646, 648, 49 N. E. 2d 533, 535; *Waggoner* v. *State* (1949), 227 Ind. 269, 274, 85 N. E. 2d 642, 643; *Randolph* v. *State* (1955), 234 Ind. 57, 60, 122 N. E. 2d 860, 862 (cert. den.), 350 U. S. 889, 100 L. Ed. 783, 76 S. Ct. 145.

As no reversible error has been demonstrated, the judgment is affirmed.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 654.