## THE PEOPLE v. CHARLES MOYER.

*Criminal law—Improper statements to jury—Evidence.*

1. A statement by the prosecuting attorney, in opening the trial of a criminal case, that one reason why he was more prejudiced against the respondent is because he has committed perjury in another court, for the purpose of assisting one of his fellow prisoners, and its indorsement by the court's statement, in answer to an objection by respondent's counsel, that "I must say that considerable of that has come under my own notice," are too plainly illegal to need comment, and entitle the respondent to a new trial.

Error to Wayne. (Look, J.) Submitted on briefs October 24, 1889. Decided November 8, 1889.

Respondent was convicted of receiving stolen goods. Conviction reversed, and new trial granted. The facts are stated in the opinion.

*Alfred H. McDermott,* for respondent.

*Edward Minock,* Assistant Prosecuting Attorney, for the people.

CAMPBELL, J. Respondent was convicted of receiving stolen goods, and brings the case before us on exceptions. The trial took place nearly two years ago, and the exceptions were settled, under the statute, from the stenographer's minutes, the judge who tried the prisoner being out of office. The Attorney General very justly declined to argue in favor of the proceedings, and they need but brief mention.

At the opening of the trial the prosecuting attorney's assistant, in charge of the prosecution, said to the jury:

"One reason why I am more prejudiced against this man is because he has committed perjury in the recorder's court, for the purpose of assisting one of his fellow prisoners."

Upon objection made to this by defendant's counsel, instead of rebuking it, the court remarked:

"I must say that considerable of that has come under my own notice. I don't see how you are going to deny that."

Further on, during the trial, under pretext of rebuttal, the prosecutor was allowed to bring in the minutes of respondent's testimony on the trial of another person, for an entirely different crime, in the shape of a long and rambling cross-examination upon matters irrelevant to either record, and only allowed through a very wide extension of discretion, as an inquisition into witness' life and doings. It was not of any special account in the main, and was not concerning facts which could be regarded as admissible proof in this case; while, if admissible, it could only have been on the main issue, and not in rebuttal. The purpose was to injuriously assail defendant's general history, and to infer perjury from the conviction of the other prisoner; which, of course, could not be done.

The assertions of the prosecutor and their indorsement by the court are too plainly illegal to need comment. We have had occasion altogether too often to condemn the failure of justice brought about by the reckless conduct of officers whose sworn duty it is to conduct prosecutions legally, and in conformity with settled principles. In some cases, there is some apparent palliation in the excitement of a contested trial, although that does not obviate the mischief. But here the wrong was done in making the opening, and before any testimony was in, and when the prosecutor knew, or should have known,

in advance what his case was to be, as he presented it. Nothing can bring more contempt and suspicion on the administration of justice than the failure of its ministers to respect justice. There seems to have been testimony of a proper sort before the jury; and therefore the prisoner cannot be discharged by our order; but he is entitled to a new trial, the expense and delay of which are due to errors that should have been avoided.

The verdict must be set aside, and a new trial granted.

The other Justices concurred.