# NEAL v. STATE OF INDIANA.

[No. 22,122.   Filed June 18, 1912.]

1. CRIMINAL LAW.—*Witnesses.—Cross-Examination of Accused.— Collateral Matter.*—Where the accused testified in his own behalf, and on cross examination denied that he had shot at A with intent to kill, and denied that he had ever been arrested for shooting at W, but was arrested for discharging a gun, these matters could only be gone into by the State as affecting the character and credibility of the witness, and, as the matter was wholly collateral to the real subject of inquiry, the State was bound by his answers, and, defendant's answers being unequivocal, evidence offered on his redirect examination in explanation of his theory of the alleged offenses, but which did not go to the question of his credibility, was properly excluded. pp. 155, 157.

2. CRIMINAL LAW.—*Witnesses.—Defendant as a Witness.—Examination.*—Where the defendant in a criminal prosecution offers himself as a witness, his testimony is subject to the same rules as in the case of any other witness, except as to questions involving statements made by a witness out of court, involving a material matter, different from those made in court; and if the State questions him on a collateral matter it cannot contradict the answer, nor can the question be gone into on redirect examination, except to explain an equivocal answer or to show extenuating circumstances consistent with his credibility as a witness. p. 156.

3. CRIMINAL LAW.—*Witnesses.—Cross-Examination of Accused.— Discretion of Court.*—Where the defendant in a prosecution testifies as a witness in his own behalf, the determination of whether matters inquired about on his cross-examination tend to affect his credibility as a witness is in the sound discretion of the trial court. p. 158.

From Greene Circuit Court; *Charles E. Henderson*, Judge.

Prosecution by the State of Indiana against Dan Neal. From a judgment of conviction, the defendant appeals. *Affirmed.*

*C. D. Hunt, Gilbert W. Gambill* and *Walter F. Hood,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MYERS, J.—Appellant was indicted in Sullivan county, for murder in the first degree of one Hutchison. The venue was changed to Greene county, where he was tried and convicted of murder in the second degree.

The error assigned is in overruling his motion for a new trial.

The only questions properly presented arise on the exclusion of testimony offered by appellant. He was a witness in his own behalf, and was asked, in chief, as to his arrest and conviction for "boot legging" and running a blind tiger. He ran a hotel and boarding house.

On cross-examination, he was asked whether he had not been convicted at other times on like charges, and, without objection, whether he had been arrested and the

1. causes had not been tried, and admitted that he had been, also, whether he had been indicted for selling on Sunday and the charge was then pending.

He was also asked if he had not been arrested on a charge of drawing a deadly weapon on a named person, not in defense of his person, and he answered "No" at first, and then said he did not know anything about it. He was also asked whether he had not been arrested on a charge of shooting at one Whitaker, and answered "No," that he was charged with discharging a gun. He was asked if he had not attempted to kill another named person by shooting, and whether he had not drawn a revolver upon another named person, and answered "No" in each instance; also, whether he had not attempted to shoot one Archer with a

shotgun, and the gun had been taken away from him, and he answered that he had shot, not with intent to kill; also, whether he had not attempted to kill his wife, to which he answered "No."

Upon reëxamination he was asked: "I will ask you Mr. Neal to explain to the jury the transaction and trouble that occurred between you and Dan Archer, about which the prosecutor inquired a moment ago, when you say you had a shotgun." On objection by the State, he offered to prove that he heard a noise outside; thought it was a dog, and was going to shoot it, but discovered it was Archer, and they shook hands, and Archer went his way. He was also asked to explain the occurrence between himself and Whitaker, and offered to prove that Whitaker came to his house in an intoxicated condition, and appellant tried to put him out, and a revolver in Whitaker's pocket fell out, and appellant had no gun. He was also asked about the occurrence between himself and constable Eberhart, about which objection is here made, but the record shows that he did give his explanation without objection by the State. The two offers were excluded, and these rulings present the only question here.

The State, of course, could not have gone into these various occurrences in the first instance, and the cross-examination could only go to the credibility and character of the witness (*Dotterer* v. *State* [1909], 172 Ind. 357, 88

2. N. E. 689, 30 L. R. A. [N. S.] 846); and when a defendant offers himself as a witness, his testimony is subject to the same rules as in case of any other witness, except as to questions involving statements made by a witness out of court involving a material matter, different from those made in court. If the State asks a question, it cannot contradict the answer, nor can the question be gone into on redirect examination, except to explain an equivocal answer, or to show extenuating circumstances consistent with his credibility as a witness. (*Strebin* v. *Lavengood* [1904], 163

Ind. 478, 71 N. E. 494), on the ground that a wholly collateral question is involved. *Miller* v. *State* (1910), 174 Ind. 255, 91 N. E. 930, and cases cited; Gillett, Indirect and Collat. Ev. §§90, 91; *Ellis* v. *State* (1899), 152 Ind. 326, 351, 52 N. E. 82.

As the witness had answered in the negative to direct questions, there was nothing to explain. There was nothing equivocal in his answers. The nearest approach to it 1. is that in the case of Whitaker he offered to prove how a transaction occurred out of which he was charged, not with shooting at Whitaker, but with discharging a firearm. He had already stated the latter fact, and in the case of Archer, that he had discovered his alleged mistake as to the noise, but he denied specifically that he had attempted to shoot Archer.

Of course the State could not offer evidence to impeach either statement, as the matter was wholly collateral to the real subject of inquiry, and could only have been gone into by the State as affecting the character and credibility of appellant as a witness. *Dotterer* v. *State, supra; Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Welch* v. *State* (1885), 104 Ind. 347, 3 N. E. 850.

The offered evidence could throw no light on his former answers, or extenuating circumstances, affecting his credibility; they might have gone in explanation of his theory of those alleged offenses in connection with their trial, but they did not go to the question of his credibility.

The State was bound by his answers, so far as being able to direct evidence against them, and appellant was entitled to the full benefit of his answers as to those occurrences by his denial of the propositions as put to him, but to permit the examination to go further would be to divert the hearing in hand to others in noway involved.

His former answers were in nowise inconsistent with their truthfulness, or equivocal in character, and there was nothing in the record inconsistent with their truthfulness, and

the State could not deny them; his offer to prove went only to his version of the occurrences.

It was a question in the sound discretion of the trial court to determine whether the matter inquired about tends

3. to affect his credibility as a witness. *Dotterer* v. *State, supra.*

We decide nothing as to the question whether a witness may be impeached by an inquiry as to whether he had been charged or arrested, as it is not presented.

We are not able to perceive that that discretion was not soundly exercised in this case, and the judgment is affirmed.

Note.—Reported in 98 N. E. 872. See, also, under (1) 12 Cyc. 558; 40 Cyc. 2520; (2) 40 Cyc. 2510, 2520; (3) 40 Cyc. 2510. As to cross examination of the accused in a criminal prosecution as testing credibility, see 38 Am. St. 895.