## BOLDEN v. STATE OF INDIANA.

[No. 25,117.    Filed April 6, 1927.]

1. CRIMINAL LAW.—*"Opening statement"* of counsel intended to advise the jury of facts involved.—The opening statement of counsel in a criminal case is intended to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard.    p. 163.

2. CRIMINAL LAW.—*State cannot impeach accused's character until he offers evidence supporting it or testifies as a witness.*—The law of this state invests any person accused of crime with a presumption of good character previous to the time of the commission of the offense, and the state will not be allowed to question such character until the accused has put his character in issue by offering evidence in support of it or until he has testified as a witness.    p. 163.

3. WITNESSES.—*Defendant may be cross-examined as to specific convictions to impeach his credibility and discredit his testimony.*—A defendant who testifies in his own behalf may be questioned on cross-examination as to specific criminal convictions to impeach his credibility and to discredit his testimony. p. 163.

4. CRIMINAL LAW.—*To permit prosecutor to attack accused's character by charging commission of other crimes is reversible error.*—It is reversible error for the trial court, over objection, to permit the prosecuting attorney to attack the character of the accused by charging the commission of other crimes. p. 164.

5. CRIMINAL LAW.—*Presumption as to correcting misconduct of prosecutor in referring to criminal record of accused.*—Where the record shows that the trial court refused to instruct the jury to disregard the statements of the prosecuting attorney in his opening statements as to the criminal record of the accused, it will not be presumed on appeal that the court permitted the defendant to rest under the accusations during the entire trial and then told the jury to disregard them (*Robb* v. *State*, 144 Ind. 569, distinguished). p. 164.

6. CRIMINAL LAW.—*Prosecutor's references to criminal record of accused and prior convictions held prejudicial misconduct requiring reversal.*—Prosecuting attorney's references in opening statement to long criminal record of accused and prior convictions for other offenses was prejudicial misconduct requiring the reversal of the judgment of conviction in the absence of an instruction to disregard them, and if such an instruction had been given but not included in the transcript, it was the duty of the state to have the record perfected. p. 164.

From Marion Criminal Court (58,752); *James A. Collins,* Judge.

Edward Bolden was convicted of second degree murder, and he appeals. *Reversed.*

*Frank A. Symmes, Garth B. Melson, Earl R. Cox* and *Donald F. Lafuze,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was indicted for murder in the first degree; the indictment alleging that he killed Gilbert Hooks, on April 8, 1925, in Marion county. He was tried by a jury and was found guilty of murder in the second degree. His punishment was

fixed at imprisonment in the Indiana State Prison during life. On appeal, he assigns as error that the court erred in overruling his motion for a new trial.

The motion for a new trial contained eight causes, but only one of same is presented for review. The third cause, being the one relied upon for reversal, is as follows: Error of law occurring at the trial in this: The court erred in overruling defendant's motion to set aside the submission of the cause because of misconduct on the part of the prosecuting attorney in making his opening statement to the jury. The part of the statement, made by the assistant prosecuting attorney, to which defendant objected, was as follows: "The' evidence will show, gentlemen of the jury, that the defendant has a long criminal record. That on February 3, 1916, he was found guilty of assault and battery and received a fine and served some days for that. September 8, 1919, the same defendant was found guilty of assault and battery and received a fine. April 16, 1920, he was again found guilty of assault and battery and fined. July 21, 1921, he was found guilty of assault and battery and fined. July 21, 1921, he was found guilty of drunk and received a fine and costs. March 17, 1922, he was charged with assault and battery with intent to kill and bound over to the grand jury for further action. May 31, 1922, he was found guilty of blind tiger and fined. August 29, 1922, he was found guilty of drunk and judgment withheld. August 29, 1922, he was found guilty of resisting an arrest. August 29, 1923, he was found guilty of assault and battery. June 4, 1923, he was found guilty of the crime of carrying concealed weapons and judgment withheld. August 4, 1923, he was charged with assault and battery and I do not know what became of that case, continued indefinitely. August 23, 1923, he was found guilty of drunk and fined. August, 1924, he was charged with assault and battery

with intent to kill and that was sent to the grand jury."

After stating reasons for objecting, the defendant moved the court to admonish the prosecuting attorney to refrain from such statements, to instruct the jury to disregard said statements and each of them, to set aside the submission of the cause and to discharge the jury in order that the defendant might not be prevented, from having a fair and impartial trial. The motion was overruled by the court and exception was taken by the defendant. And no other proceedings were had or action taken in said matter.

The opening statement of counsel is intended to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard. 26 R. C. L. 1030, §32. A defendant is presumed to be innocent until the contrary is proved. §2302 Burns 1926, §2137 Burns 1914. The Constitution of Indiana provides that no person in any criminal prosecution shall be compelled to testify against himself. And the statute provides that if a defendant does not testify in his own behalf, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same. §2267 Burns 1926, §2111 Burns 1914. It is well settled in this jurisdiction that the law invests any person accused of crime with a presumption in favor of good character previous to the time of the commission of the alleged offense, and the state cannot offer evidence to impeach such character until the accused has put his character in issue by offering evidence in support of it, or until he has testified as a witness. And a defendant, when he becomes a witness in his own behalf, may be questioned on cross-examination as to specific criminal convictions to test his credibility and to discredit his testimony.

In a criminal action, it is reversible error for a court, over objection, to permit a prosecuting attorney in his opening statement to attack the character of the accused by charging the commission of other crimes. *Sasse* v. *State* (1887), 68 Wis. 530, 32 N. W. 849; *People* v. *Moyer* (1889), 77 Mich. 571, 43 N. W. 928. In *Sasse* v. *State, supra,* the district attorney, in opening the case to the jury, stated that the defendant committed a crime in Germany and fled from justice and after landing in this country committed another crime. It was held that this was such error as to render a new trial necessary, although the trial judge, in ruling that such statement could be made, suggested that the fact that the accused had committed one crime was no evidence that he committed the crime for which he was being tried, and afterward instructed the jury not to regard such statement and that it was not in the case. In *People* v. *Moyer, supra,* the prosecuting attorney stated, in opening the trial of a criminal case, that one reason why he was more prejudiced against the respondent was because he had committed perjury in another court, for the purpose of assisting one of his fellow prisoners, and its indorsement by the court's statement, in answer to an objection, that "I must say considerable of that has come under my own notice," were held to be illegal and to entitle the respondent to a new trial.

4.

The use of the objectionable language by the assistant prosecuting attorney in his opening statement constituted misconduct. The state does not attempt to justify same; but says that every reasonable presumption is in favor of the ruling of the trial court, and says that, as the instructions are not in the record, it will be presumed that the court admonished the jury to disregard the alleged prejudicial statements. The record shows that the court refused to so instruct

5, 6.

at the time the statements were made, and we will not presume that the court permitted the defendant to lie under the accusations during the entire trial and then told the jury to disregard them. In *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642, it was said such a presumption would exist; but, in that case, no request was made to withdraw the submission or to direct the jury to disregard the statements; and no such motion was overruled as in the instant case. If the appellee finds the transcript to be incomplete, he should procure it to be made perfect, if he can thereby show that the error complained of was harmless. Ewbank's Manual of Practice (2d. ed.) §210. If the error complained of had been rendered harmless by an instruction; the instruction could have been brought into the record by the state, instead of relying upon a presumption, which, in this case, did not exist. Having no reason to believe or presume that the jury was instructed to disregard the objectionable statements, it is not necessary for us to decide if such an instruction would have been sufficient. The statements were not made in the heat of argument and were not erroneous inferences from the evidence, as suggested by the state.

In *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100, it was held that where the prosecuting attorney, in his opening statement, is guilty of misconduct prejudicial to the substantial rights of the defendant, the latter, to avail himself of the error, must move to set aside the submission and to discharge the jury. In the instant case, when the misconduct of the counsel for the state occurred, the defendant made the proper motion to secure relief therefrom. If the appellant suffered a substantial injury, the judgment should be reversed. The opening statement of the state branded the defendant as a criminal and doubtless was greatly prejudicial to him and his defense. His motion to set aside the sub-

mission of the cause should have been sustained.

The judgment is reversed, with instructions to sustain the motion for a new trial.

It is further ordered that the clerk of this court make and certify to the warden of the Indiana State Prison an order for the return of the appellant to the custody of the sheriff of Marion county.