KATHARINA GEIGER, as Administratrix, etc., of GEORGE A. GEIGER, Deceased, Respondent, Appellant, v. HARRY WEISS and Another, Appellants; ALFRED JOHNSON and Another, Respondents.— In an action to recover damages for the death of plaintiff's intestate, who was killed in an automobile collision, judgment and order reversed upon the law and a new trial granted as to all defendants, with costs to abide the event. Prejudicial error was committed by the trial court in refusing to permit, in the cross-examination of the defendant Harry Johnson, an inquiry as to whether the said Johnson had been convicted of the crime of driving an automobile while intoxicated. Such proof was competent as affecting the credibility of the witness. This was not a conviction for a traffic infraction, referred to in section 355 of the Civil Practice Act. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

PAOLO GIARAMITA, Appellant, v. ALEXANDER GOLDRING and Others, Respondents.— In an action for an accounting in respect of transactions growing out of a contract of purchase and sale of a block of stock of an industrial banking corporation, judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

PETER GLOGVICS, Appellant, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Respondent.— Plaintiff, a guest passenger in Abramson's automobile, was injured as a result of Abramson's negligence. An execution on a judgment in plaintiff's favor was returned unsatisfied, after which this action was brought against the defendant, the insurance carrier. Defendant, by an affirmative defense, alleges that the policy was not in force because another passenger had paid the insured for transportation in said automobile, in violation of the terms of the insurance agreement. The court charged the jury that the burden of proof on this question was on the plaintiff, and an exception taken thereto by plaintiff is the sole ground of this appeal. The charge was correct. The weight of the evidence was in defendant's favor. Judgment and order unanimously affirmed, with costs. (Lavine v. Indemnity Ins. Co., 260 N. Y. 399; Green v. Globe & Rutgers Fire Insurance Co., 200 App. Div. 343.) Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

IRVING C. GROSSMAN, Appellant, v. ARTHUR C. BYRNE and Another, Respondents, and Another, Defendant.— Action to recover damages for fraud and breach of warranty growing out of a lease between appellant's assignor and respondents. Judgment dismissing the complaint on the merits at the close of plaintiff's case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.