## MCMULLEN v. CANNON.

[No. 18,876. Filed June 2, 1958. Rehearing denied June 30, 1958. Transfer denied October 23, 1958.]

*Frank A. Symmes, Charles W. Symmes, Owen S. Boling*, all of Indianapolis, and *Grant Rogers*, of Franklin, for appellant.

*Harry D. Hatfield*, of Indianapolis, and *Ivan D. Pogue*, of Franklin, for appellee.

KELLEY, C. J.—Appellee brought this action to recover for personal injuries and property damages allegedly sustained in an automobile collision occurring in the city of Indianapolis, Indiana, on or about the 27th day of February, 1951. Trial was had by jury which assessed his damages for personal injuries at $5750.00 and for property damage at $425.00.

The error assigned is the overruling of appellant's motion for a new trial. The motion contains fifteen specifications of error but only four thereof are urged. For the purpose of this appeal it is necessary for us to consider only one of the advanced specifications.

Appellee testified as a witness in his own behalf. On cross-examination he was asked by appellant's counsel as to whether he "had been arrested and convicted of operating a motor vehicle under the influence of intoxicating liquor." The question was objected to on the ground that it "is wholly immaterial to the issues in the case now on trial, it is prejudicial and the jury should be instructed to disregard that remark." Appellant then stated that "it goes to his credibility and that's the only reason." The court said that it was "going to sustain the objection and instruct the jury to disregard the question and draw no conclusions from it." Appellant then asked this question: "On this particular date were you operating your motor vehicle under the influence of liquor?" To which appellee replied "I was not."

In this state the rule is deeply entrenched in the case law that a witness, including a party to the action who takes the stand as a witness in his own behalf, may be required on cross-examination, as affecting his credibility, to answer as to previous convictions, whether such convictions were of felonies or misdemeanors. Among others

which could be cited, see the following: *Niemeyer et al.* v. *McCarty et al.* (1943), 221 Ind. 688, 701, 51 N. E. 2d 365; *Fritch* v. *State* (1927), 199 Ind. 89, 155 N. E. 257; *Parker* v. *State* (1894), 136 Ind. 284, 288, 35 N. E. 1105; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; *Dotterer* v. *State* (1909), 172 Ind. 357, 365, 88 N. E. 689; *Neal* v. *State* (1912), 178 Ind. 154, 158, 98 N. E. 872; *Pierson* v. *State* (1919), 188 Ind. 239, 244, 245, 123 N. E. 118; *Bolden* v. *State* (1927), 199 Ind. 160, 163, 155 N. E. 824; *Way* v. *State* (1946), 224 Ind. 280, 284, 66 N. E. 2d 608; *Chambers* v. *State* (1946), 232 Ind. 349, 111 N. E. 2d 816; *Mitz, Jr.* v. *State* (1954), 233 Ind. 537, 543, 121 N. E. 2d 874.

In the *Neal* v. *State* case, *supra*, it was held that it rested within the sound discretion of the court as to whether the matter inquired about tended to affect the credibility of the witness. Such, also, was the practical holding of the court in *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 580. However, in the *Niemeyer et al.* v. *McCarty* case, *supra*, the court held that "the statement that 'the extent to which such cross-examination may be carried is within the sound discretion of the court' must not be construed as authorizing the entire exclusion of such testimony in the trial court's discretion, and the cases referred to do not so hold."

It would seem, therefore, that our Supreme Court is committed to the doctrine that, without reference to the materiality or relevancy of the subject matter of the offense of which the witness was convicted to the issues of the particular case being tried, the witness should be required to answer as to previous convictions as affecting his credibility. Notwithstanding that we may consider, under the circumstances of this case in which there is no issue

of intoxication or operating a motor vehicle while under the influence of intoxicating liquor nor any direct examination on any such matter, that the trial court, upon the whole record and evidence before him, acted soundly and did not abuse his discretion in sustaining the objection to the said question put to the witness, we, nevertheless, consider that we are bound by the said holdings of our Supreme Court.

A reference to the latest annotation on the question, found in 20 A. L. R. 2d 1217, section 3 on page 1218, indicates that the courts which have passed on the question are, as usual, divided. It is interesting to note, however, that in New York, under a statute providing that a conviction for traffic infraction may not be introduced to impeach the credibility of a witness, such statute was construed so as not to include a conviction for drunken driving and the cross-examination of the defendant driver as to whether he had been convicted of driving while intoxicated was held permissible. See *Gieger* v. *Weiss* (1935), 245 App. Div. 817, 281 N. Y. S. 154.

For the error referred to, the judgment must be reversed. Appellant suggests other errors but we believe it unnecessary to pass upon them as they will probably not arise on a retrial of the cause.

Judgment reversed, and cause remanded with instruction to sustain appellant's motion for a new trial.

NOTE.—Reported in 150 N. E. 2d 765.

Transfer denied, Bobbitt, C. J.; Achor, J., voted for oral argument.