## BLACK *v.* WACHS

[No. 19,363.  Filed February 3, 1960.]

294

*David L. Matthews* and *George T. Patton,* both of South Bend, for appellant.

*McInery & Huguenard,* of South Bend, for appellee.

MYERS, C. J.—This is an action brought by appellant against appellee to recover damages for personal injuries arising out of an automobile accident wherein appellant was a guest in appellee's automobile, pursuant to §47-1021, Burns' 1952 Repl.

The issues were formed by appellant's amended complaint, appellee's answer and appellant's reply thereto.

The complaint alleged wilful and wanton negligence on the part of appellee in driving his automobile on Main Street, in the City of Mishawaka, St. Joseph County, Indiana, at nighttime, without having turned on his headlights, at a speed of twenty-five miles an hour, while under the influence of intoxicating liquor, and driving into a parked automobile, thus causing the alleged damages to appellant. Trial was had by jury, which returned a verdict in favor of appellee. Judgment was so entered. A motion for a new trial was filed, which asserted only one specification of error, which reads as follows:

"1. Error of law occurring at the trial, as follows:

"(a) The court erred in sustaining the objection by the defendant, Alfred Wachs, to a certain question asked by the plaintiff, Verna Black, on cross-examination of the said defendant, Alfred Wachs, which question, objection and ruling of the court are in the following words:

"Q. Have you ever been arrested and convicted of any criminal offenses, including traffic offenses?

"Mr. McInerny: To which we object.

"The Court: Objection sustained."

This motion for a new trial was overruled and appellant has appealed to this court.

The praecipe filed by appellant below requested the Clerk "to prepare and certify a *complete* transcript of the *entire* record" to be used on appeal. *"All* bills of exceptions" were to be included without copying. (Our emphasis.) When the transcript was filed the bill of exceptions contained only the testimony of appellee Wachs, including that specified as error in the motion for a new trial. The record shows that there were other

witnesses who testified, but their testimony is not set forth in the bill of exceptions.

The assignment of error states only one ground of error, and that is the overruling of the motion for a new trial. Appellant's brief, duly filed, argues only this one point.

Appellee filed a motion to dismiss or affirm the appeal, which was based on the insufficiency of the transcript, stating that in its present condition it did not present a question for review. This motion was overruled, as matters omitted in the transcript may lead to a failure by appellant in his appeal, but furnish no ground for complaint by appellee, unless necessary to his use in making cross-assignments of error. If the omitted parts of the transcript are needed or desired by either party, they should be brought up by certiorari in the form of an additional transcript. Rule 2-28, Rules of the Supreme Court of Indiana; *Price* v. *Huddleston* (1906), 167 Ind. 536, 79 N. E. 496; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2604, Comment 1, page 252.

Appellee timely filed an application for a writ of certiorari, stating that in order to determine whether the error was harmful to appellant, this court must have before it all the evidence in the cause, and requesting that the Clerk of the St. Joseph Superior Court No. 2 be ordered to certify a transcript to this court containing the entire bill of exceptions. Although it is incumbent upon the appellant to show error by the record, and such duty does not rest upon the appellee, we have, nevertheless, because of the nature of the application for a writ of certiorari, given careful attention to the merits presented in the appeal. If the matters sought to be brought up by such writ would have no bearing on the questions presented

on appeal, there exists no good reason for issuing the writ. The court will not knowingly order the committing of a futile act. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2604, Comment 3, page 252. We have come to the conclusion that the record is sufficient to warrant a determination of the question raised and that, in the interest of promoting justice as speedily as possible, and to prevent undue delay by further litigation, we should dispose of this matter on the issues presented to us at this time.

It is to be noted that appellant does not claim the verdict of the jury was not sustained by sufficient evidence or was contrary to law. Appellant has based her entire case on the court's ruling prohibiting the appellee on cross-examination from answering a question. Where evidence is excluded, error must be predicated in the motion for a new trial on *the exclusion of the offered evidence,* and not on the sustaining of the objection. *The Sunnyside Coal and Coke Company* v. *Reitz et al.* (1896), 14 Ind. App. 478, 493, 39 N. E. 541, 43 N. E. 46; *Harvey, etc.* v. *Johnson School Twp., etc.* (1954), 124 Ind. App. 602, 117 N. E. 2d 279, 118 N. E. 2d 375; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §1812, Comment 8, page 379.

In the *Sunnyside Coal* case, the court said (at page 493 of 14 Ind. App., at page 49 of 43 N. E.) :

"The motion for a new trial assigns as a cause the sustaining of the objections to the questions only. It is not assigned as a cause that the court erred in excluding the offer. The ruling on the question alone does not present available error. To make it so it should be coupled with the ruling in excluding the offer. This might be done either in a separate cause, or by embracing both rulings in one specification. It takes both rulings to present available error, and no complaint

is made in the motion for a new trial as to the ruling in excluding the offer."

Since the appellant herein has failed to assign as error the exclusion of evidence, no error is presented by appellant's specification.

However, we may note that appellant argues that the question asked was proper as affecting appellee's credibility, and that the trial court prejudicially erred in sustaining the objection. She cites the recent case of *McMullen* v. *Cannon* (1958), 129 Ind. App. 11, 150 N. E. 2d 765, as authority. In that case, which was a suit for personal injuries and property damages arising out of an automobile collision, the appellee (plaintiff) was a witness on his own behalf. On cross-examination, he was asked by appellant if he had been arrested and convicted of operating a motor vehicle while under the influence of intoxicating liquor. Objection was made by appellee's counsel on the ground that the question was immaterial and prejudicial. Appellant then stated that the question went to appellee's credibility and that was the only reason for asking it. The trial court sustained the objection. This court reversed, Judge Kelley stating (at page 13 of 129 Ind. App., at page 767 of 150 N. E. 2d) :

> "It would seem, therefore, that our Supreme Court is committed to the doctrine that . . . the witness should be required to answer as to previous convictions as affecting his credibility."

However, in the case at bar, appellant gave no such reason for urging that the question be answered as appellant did in the *McMullen* case. In fact, no reason was given at all. The trial court could properly have been under the impression that

appellant was attempting to bring into evidence a conviction of driving under the influence of intoxicating liquor, reckless driving or some other criminal offense or traffic violation which could have arisen as a result of the accident involved herein. Such convictions are not admissible for the purpose of establishing the facts upon which they were rendered. *Seibold* v. *Welch* (1922), 78 Ind. App. 238, 135 N. E. 258; *Beene* v. *Gibraltar Industrial Life Ins. Co.* (1945), 116 Ind. App. 290, 63 N. E. 2d 299.

Upon the record here before us, we cannot assume that the only purpose of appellant's stated question was to affect the credibility of the witness. In fact, to have done so would have affected adversely appellant's case, since, according to appellee's testimony taken from the record, he admitted practically all charges set forth in the complaint. He testified that he and appellant had been drinking from 2:00 p.m. until 8:35 p.m. the day of the accident; that he had imbibed nine or ten beers; that after he and appellant had gotten into his automobile and started to drive, he had not turned on his headlights; that the beer had affected his driving; that he went through several intersections without remembering whether the lights were green or red; that he struck the parked car at about a speed of twenty miles per hour. We fail to appreciate how appellant would be benefited by questioning the credibility of the appellee, since his testimony was so favorable to her cause.

We do not find that the trial court committed error as claimed by appellant in her motion for a new trial. Therefore, we deny appellee's application for a writ of certiorari, and affirm the judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 163 N. E. 2d 894.