DAVID L. FLEETWOOD *v.* STATE OF INDIANA.

[No. 1-875A136. Filed March 23, 1976.]

*Goltra & Harrison,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant David L. Fleetwood was charged by indictment with the crime of first degree murder. After various juvenile proceedings he was tried in Circuit Court before a jury and convicted of voluntary manslaughter.

## FACTS

Fleetwood was, in February, 1974, a student at Brownstown High School. Testimony established that Fleetwood usually

drove to school and parked in the lot south of the school building.

On February 22, Fleetwood drove as usual, but parked in the north lot, directly behind the space where James Blevins, a school employee, parked his automobile. Sometime before February 22, Fleetwood had secured a .22 caliber rifle and shells.

As Blevins exited his car and started toward the school, a loud cracking sound was heard and Blevins shouted that he had been shot. At this time a second shot was heard. Fleetwood was observed in the parking lot with a rifle, although no one saw him point the rifle at Blevins. After the shots were fired, Fleetwood walked toward the school, put the rifle down on the grass, and proceeded to the principal's office where, in the presence of at least two people, he stated "I've shot Mr. Blevins, you'd better call the police, I've shot Mr. Blevins."

A subsequent autopsy revealed that Blevins was struck twice by bullets from the rifle which Fleetwood placed in the grass, and that said bullets were the cause of Blevins' death.

## I.

The first issue raised by Fleetwood is that the State's opening statement was improper because it failed to comply with IC 1971, 35-1-35-1 (Burns Code Ed.) which reads, in part, as follows:

"Order of proceedings in trial of criminal cases—Instructions to jury.—The jury being impaneled and sworn, the trial shall proceed in the following order:

First. The prosecuting attorney must state the case of the prosecution and briefly state the evidence by which he expects to support it, and the defendant may then state his defense and briefly the evidence he expects to offer in support thereof."

It is Fleetwood's contention that the State did not, as required, state the evidence which would support its charges.

Since 1927, the above statute has been in its present form, and numerous cases have interpreted this section. Unfortunately, the opinions are not entirely consistent.

In *Bolden* v. *State* (1927), 199 Ind. 160, 155 N.E. 824, our Supreme Court stated that

> "The opening statement of counsel is intended to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard. 26 R.C.L. 1030, § 32."

Subsequently, in *Blume, Kissinger* v. *State* (1963), 244 Ind. 121, 189 N.E.2d 568, our Supreme Court noted the *Bolden* case and stated:

> "It is, of course, true that the opening statement of the prosecuting attorney in a criminal case is intended to inform the jury concerning the questions of fact involved in the case, so as to prepare their minds for the evidence to be heard. *Bolden* v. *State* (1927), 199 Ind. 160, 163, 155 N.E. 824, 825; 23A C.J.S., Criminal Law, § 1085, p. 97.

> "The opening statement has also the further purpose of informing the accused of the contemplated course of the prosecution, so as to enable him to meet the charge against him. 23A C.J.S., Criminal Law, *supra,* § 1085, p. 98." 244 Ind. 128, 129, 189 N.E.2d 572.

Fleetwood argues that the *Blume* interpretation is correct, and that the opening statement in this case did not inform him of the "contemplated course of the prosecution." Fleetwood contends that he is denied equal protection of the law because he has been denied information as to the course of the trial, while other defendants have received such information.

If the true purpose of an opening statement is as Fleetwood suggests, the State's conduct may not have been in compliance with the statute. Therefore, we must ascertain the intendment of the above provision.

We believe that the purpose of the statute has been clarified by our Supreme Court in the cases which follow. In *Buise* v.

*State* (1972), 258 Ind. 321, 324, 281 N.E.2d 93, it was held that

"The purpose of an opening statement is *primarily* to inform the *jury* of the nature of the case and the nature of the defense and just how the evidence as presented fits into the charges filed and the defense made. *Blume, Kissinger* v. *State* (1963), 244 Ind. 121, 189 N.E.2d 568. The opening statement is not evidence and the jury is so instructed. Neither is an argument permitted. Therefore, the defendant can not be said to have been harmed unless the State has abused its privilege in making the opening statement by *misstatement or false statements which have prejudicially misled a defendant.*

"The procedure at one time in the state by statute permitted the defendant to make an opening statement after the State had presented its case in chief. This has changed by statute and we can find no valid reason presented by the defendant why such procedure, as now fixed by statute, is invalid or prejudicial. *The defendant points out nothing in the opening statement by the prosecuting attorney that misled or surprised him.*

"It is further to be noted that the procedure for discovery was also available for the defendant in order to apprise himself what the evidence of the State would be. There is very little ground for a defendant to be taken by surprise in his defense under the present criminal procedure for discovery." (Our emphasis.)

Finally, in *Alderson* v. *State* (1974), 262 Ind. 345, 316 N.E.2d 367, 369, 370, the above statute was considered, and the following conclusions were reached:

"The statute is procedural in nature. This Court has given great leeway to the trial court's discretion in controlling the orderly progress of the trial. In *Blume, supra,* this Court said that the scope of the opening statement was within the discretion of the trial court, and that the cause would not be reversed unless there was a clear abuse of such discretion.

\* \* \*

"We, therefore, hold that there is no showing in this record that the appellant was in any way surprised or misled by the opening statement of the prosecuting attorney. *The mere fact he did not go into detail as to names of witnesses and specific statements which they would make*

*does not in and of itself justify a reversal of this case."* (Our emphasis.)

We believe the above cases establish that the opening statement, which is *required* to be given, is not primarily to inform the accused of the nature of the case. Rather, its purpose is to inform the *jury* of the charges and the contemplated evidence. This conclusion is clearly reasonable in light of the present state of criminal pre-trial discovery. Further, the above cases recognize that there may be situations where the opening statement is improper, i.e., where the prosecution has by false statement prejudicially misled the defendant as to the evidence to be presented.

In the case at bar, Fleetwood does not allege that the prosecution fabricated or misstated facts. Rather, his argument is that the prosecutor simply did not say enough. While we might agree that Fleetwood's contention would have some merit if we were to test it by the standard he suggests, we must reject the application of the standard, and thereby Fleetwood's argument in this regard. We have examined the opening statement here complained of, and have tested its sufficiency by the standard suggested above—whether it was adequate to inform the jury of the charges and evidence. We find the opening statement was adequate for its intended purpose, and that it was not prejudicial to Fleetwood.

## II.

Fleetwood's second argument is that the evidence was insufficient to support his conviction.

Specifically, Fleetwood argues that there is not sufficient evidence of murder, and, therefore, since voluntary manslaughter is a lesser included offense, the conviction cannot stand since there was no proof that the killing was done in a sudden heat. Fleetwood's argument places particular emphasis on the alleged lack of evidence to prove the element

of malice which is necessary to a conviction for either first or second degree murder.

As this court noted in *Hopkins* v. *State* (1975), 163 Ind. App. 276, 323 N.E.2d 232, voluntary manslaughter has been traditionally treated as a lesser offense of murder in either degree, even in cases where there is no proof whatsoever that the killing was done in a "sudden heat." Thus, in the case at bar, it is necessary only to find evidence sufficient to sustain a conviction for second degree murder in order to uphold Fleetwood's conviction for voluntary manslaughter. Therefore, we must, by looking only at the evidence most favorable to the State, find evidence sufficient to permit the jury to conclude, as a minimum, that Fleetwood purposely and maliciously, but without premeditation, shot Blevins.

Fleetwood concedes that purpose and malice may be inferred from the intentional use of a deadly weapon in a manner calculated to cause death. *See, Jones* v. *State* (1970), 253 Ind. 456, 255 N.E.2d 105; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Taylor* v. *State* (1973), 260 Ind. 264, 295 N.E.2d 600.

We are of the opinion that there was ample evidence from which the jury could infer that Fleetwood maliciously and purposely shot Blevins. Fleetwood was seen in the parking lot, behind Blevins, with a rifle in his hand. Reports from a rifle were heard, and Blevins exclaimed he was shot. There was no evidence that anyone else was nearby with a similar weapon. Further, Fleetwood calmy stated he had shot Blevins, and the autopsy clearly established that the fatal bullets were fired from Fleetwood's rifle. Finally, any possibility of an accidental shooting is negated by the fact that Blevins was shot twice by bullets from a rifle which could not be fired without first manually operating a lever to load the chamber. Given the above, we do not find Fleetwood's insufficiency argument persuasive.

Judgment affirmed.

Lybrook, J., concurs; Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 343 N.E.2d 812.