**Debra WALLACE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 882S308.**

Supreme Court of Indiana.

June 16, 1983.

PRENTICE, Justice.

Defendant (Appellant) was convicted, following a trial by jury, of Robbery, Ind.Code § 35–42–5–1 (Burns 1979), as a class A felony, and sentenced to twenty (20) years imprisonment. This direct appeal presents the following two issues:

(1) Whether the trial court erred in sustaining the State's objection to a question, asked of the victim, about his prior arrests.

(2) Whether the evidence was sufficient to sustain a conviction for a Class A felony.

\* \* \* \* \* \*

## ISSUE I

During cross-examination of the victim, the following occurred:

"Q. Mr. Davis, have you ever been arrested and charged with assault and battery with intent to kill?"

The State objected and requested that the jury be instructed to disregard this question. The judge sustained the objection and Defendant made an offer to prove that the victim had been arrested for assault and battery with intent to kill and with assault and battery upon a police officer. Considerable discussion ensued about the relevance of prior arrests offered to impeach the credibility of a witness. *Jarvis v. State,* (1982) Ind., 441 N.E.2d 1, 6. However, Defendant contended, as she does on appeal, that she was attempting to contradict the witness' prior and specific negative answers to the questions: "Mr. Davis, have you ever been arrested and charged with assault and battery on a police officer?" and "Mr. Davis, has this mental illness that you're being treated for ever caused you to be arrested for any violence perpetrated towards another human being?" The judge sustained the objection upon grounds of irrelevance and admonished the jury to disregard the question, and its answer, about the arrest for assault and battery upon a police officer.

The trial judge has broad discretion over the scope of cross-examination. *Baldwin v. State,* (1980) Ind., 411 N.E.2d 605, 608. While Defendant insists that the questioning was proper and should have been allowed, she does not explain how or why it was relevant. Assuming, arguendo, that the victim had a propensity for violence, engendered by a mental disorder, we do not see what bearing his prior arrests, or denial thereof, had upon establishing whether Defendant, using feminine guile, had assisted two men to burst into the victim's apartment, ransack it and injure him before leaving. There is no evidence to suggest, even remotely that the victim could have been the initial aggressor. At best, the questioning concerning the victim's arrest record presented the potential for contradiction upon a collateral matter, a matter which

Defendant would not have been entitled to prove as part of her case in chief. *Bryant v. State,* (1973) 261 Ind. 172, 181, 301 N.E.2d 179, 184. Defendant could not thereafter show by extrinsic evidence that the victim had untruthfully answered the irrelevant questions. *Wells v. State,* (1959) 239 Ind. 415, 429–30, 158 N.E.2d 256, 263; *Neal v. State,* (1912) 178 Ind. 154, 157, 98 N.E. 872, 873; *Razo v. State,* (1982) Ind.App., 431 N.E.2d 550, 553–54 (*trans. denied*). Consequently, we find no abuse of discretion in the trial court's ruling nor in its admonition to the jury.

## ISSUE II

Defendant's challenge to the sufficiency of the evidence is premised upon the following argument:

"To determine that the evidence most favorable to the State establishes that the beating of Mr. Davis was in furtherance of the robbery would require a most unreasonable inference and mere conjecture. The most logical and reasonable inference from that evidence is that the beating was wholly separate and distinct from the robbery and personally motivated. Appellant Wallace and another man were there, yet only the one man ever struck Davis and then continued to beat him even though he did not resist. Appellant Wallace knew Mr. Davis and had prior contact with him; it is reasonable to infer that the men present did too. The most logical explanation of the unnecessary beating is some weird manifestation of rival machismo or a personal conflict between Mr. Davis and the unknown man. A prior conflict would be even more reasonable had the defense properly been allowed to explore Mr. Davis' mental condition and contumacious propensities." Brief at 20–21.

Thus, she contends that the State did not prove a Class A felony beyond a reasonable doubt.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn there-

from. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The evidence most favorable to the State reveals that the victim knew Defendant, having paid her for sexual services in the past. Understandably, when he heard her at his apartment door, he opened the door, whereupon two men and Defendant pushed their way in. Before ransacking the apartment and taking in excess of five hundred dollars worth of property, one of the men injured the victim, and Defendant, armed with a knife, placed it at the victim's buttocks and threatened to cut him if he "hollered" or moved from where he had been bound and gagged. The victim did not resist. He managed to free himself and went next door to summon the police because the intruders had cut his telephone line before they left.

 Defendant draws her assertedly reasonable and logical inferences from the evidence, despite her recognition of direct evidence of her participation in the robbery. Moreover, her argument essentially asks us to redetermine the weight of the evidence. We ask her, as the jurors doubtlessly did, why, if the assaults were motivated by some reason other than the Robbery, was the Robbery committed at all? The jury, through its verdict, provided the answer, and, as it chose not to place the proverbial cart before the horse, neither shall we. In defining the offense, the Legislature has recognized the potential for violence inherent in the crime of Robbery. *Moon v. State,* (1981) Ind., 419 N.E.2d 740, 742. The evidence was sufficient for the jury to find, beyond a reasonable doubt, that Defendant acting in consort with others, committed a Class A felony under Ind.Code § 35–42–5–1 (Burns 1979).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.